United States District Court
Southern District of Texas
FILED

JUL 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JON P. HARRISON | § | |
| | § | |
| vs. | § | C.A. B-04-096 |
| | § | |
| TEXAS STATE TECHNICAL COLLEGE, et al. | § | |

## DEFENDANTS' ORIGINAL ANSWER

TO HON. ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:

Defendant Texas State Technical College ("TSTC"), and Defendants Dr. J. Gilbert Leal ("Leal"), Pat Hobbs ("Hobbs"), Zulema Garza ("Garza"), and Leonel Gomez ("Gomez") (sometimes collectively referred to as the "Individual Defendants"), by and through the Attorney General of Texas, Greg Abbott, and the undersigned Assistant Attorney General, file this their Original Answer to Plaintiff's Original Complaint.

Pursuant to Federal Rule of Civil Procedure 8(b), TSTC and the Individual Defendants (collectively, the "Defendants") answer the allegations in Plaintiff's Original Complaint, in paragraphs numbered to correspond thereto.

1.  Admit that when Harrison was employed by TSTC as a Senior Instructor, he was a public employee. Admit he is a citizen and resides in Hidalgo County, Texas. Otherwise, denied.

2.  Admit that Dr. Leal was President of TSTC Harlington during the time Harrison was employed there and that he lives within this District. No response is made to the legal assertions or conclusions in this paragraph.

3. Admit that Hobbs was Dean of Instruction at TSTC Harlingen during the time Harrison was employed there and that she lives within this District. No response is made to the legal assertions or conclusions in this paragraph.

4. Admit that Garza held the post at TSTC Harlington during the time Harrison was employed there, as alleged in this paragraph, and that she lives within this District. No response is made to the legal assertions or conclusions in this paragraph.

5. Admit that Gomez was the Program Chair of the CST department at TSTC Harlington during the time Harrison was employed there and that he lives within this District. No response is made to the legal assertions or conclusions in this paragraph.

6. Admit TSTC is an educational institution created by the State of Texas and that the Legislature has given TSTC the power to sue and be sued. No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

7. No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

8. No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

9. No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

10. No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

11. No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

12. Admit that Harrison was hired as a Senior Instructor on or about August 25, 1983. Harrison was given the administrative assignment of Program Chairman of the computer science department at TSTC Harlingen. Otherwise, denied.

13. Admit that on March 1, 1984, Harrison was temporarily assigned to TSTC McAllen to assist in its transition from being a TSTC Extension to becoming South Texas Community College. Otherwise, denied.

14. Unable to admit or deny the first sentence of this paragraph. Deny Harrison was "demoted" to instructor. A program chairmanship is an administrative assignment, not a position. Admit that Larry Alexander was assigned Program Chair, replacing Harrison in that assignment, and that Harrison remained a Senior Instructor. Otherwise, denied.

15. Unable to admit or deny the first sentence of this paragraph. Admit Harrison was reassigned to TSTC Harlingen as a Senior Instructor on September 1, 1994.

16. Denied as to the time frame alleged. See response to paragraph 17, below.

17. Denied. Larry Alexander retired on February 7, 2000. Dennis Althoff was assigned as Program Chair during February of 2000. Leo Gomez was assigned Program Chair in September 2000. Otherwise, denied.

18. Deny that Plaintiff Harrison was "promoted" to Program Chair, but admit that he was given that assignment effective September 1, 1998. Otherwise, denied.

19. Admit that Harrison's assignment as Program Chair was removed effective September 1, 1999, but deny that this was a "demotion." Admit that program chairs received a stipend of $200 per month, and that this stipend ended when the appointment ended. Otherwise, denied. See also response to paragraph 20, below.2000. Gomez eventually succeeded Hagle in this assignment.

20. John Hagle was assigned Program Chair from April 1, 2000, through August 31, 2000. Gomez succeeded Hagle in this assignment. Otherwise, denied.

21. Admit that this evaluation was deemed "expected" or satisfactory overall, but Harrision was evaluated as "needs improvement" in his behavior with his colleagues. Otherwise, denied.

22. Unable to admit or deny.

23. Admit that on April 10, 2002, Gomez, Dennis Althoff and Tony Lozano sent a memo to Sue Garza asking that something be done to rectify the situation they describe as follows: "For some time now, Mr. Harrison's attitude toward the students, CST Department, TSTC Administration and TSTC in general has been very unprofessional. Mr. Harrison's constant sarcasm and negative attitude towards every aspect of daily work has been well documented and is seriously hurting the morale of the department. He is treated with respect, but does not return the respect he is afforded. . . . We feel his unfrofessional behavior is reflected in the quality of his instruction, and is a major cause of student attrition within the department." Admit Sue Garza noted "Agreed" on the memo and that the notation is dated April 11, 2002. Otherwise, denied.

24. Admit.

25. Admit.

26. Admit

27. Admit Harrison sent an email to Gomez lodging an informal complaint under TSTC's Grievance Procedure 2.05, regarding the non-renewal of his contract. Otherwise denied.

28. Admit.

29. Admit.

30. Unable to admit or deny. Admit that on July 31, 2002, Ray Rushing, TSTC's general counsel, send a letter confirming a hearing date.

31. Admit.

32. No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

33. No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

34. No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

35. No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

36. No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

Conclusion and Prayer.   No response is made to the legal assertions or conclusions in this paragraph. Otherwise, denied.

### DEFENDANTS' AFFIRMATIVE DEFENSES

1. TSTC asserts the sovereign immunity of the State of Texas, and Eleventh Amendment immunity, to any and all claims alleged by Harrison for which such immunity has not been waived.

2. To the extent that Harrison brings his claims against any or all of the Individual Defendants in their individual capacities, said claims are barred by the doctrine of qualified immunity.

3.  TSTC had legitimate, non-discriminatory and non-retaliatory reasons for each and every employment decision made the subject of this Complaint, and the same actions would have been taken regardless of any claim by Harrison of protected speech or association or supposed "whistleblowing."

4.  Defendants reserve the right to raise additional defenses that may become apparent throughout the factual development of this case.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief General Litigation Division

_____
TERENCE L. THOMPSON
Assistant Attorney General
Texas Bar No. 19943700
Southern District I.D. No. 26689
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2120
(512) 320-0667 [fax]

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent via U. S. Mail on July 11, 2004, to:

Truman W. Dean, Jr.
P. O. Box 2560
Cedar Park, Texas  78630

_____
TERENCE L. THOMPSON
Assistant Attorney General