United States District Court
Southern District of Texas
FILED

SEP 0 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JON P. HARRISON | § | |
| | § | |
| vs. | § | Civil Action No. B-04-096 |
| | § | |
| TEXAS STATE TECHNICAL COLLEGE, et al. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE ANDREW S. HANEN, UNITED STATES DISTICT JUDGE:

Plaintiff, Jon P. Harrison, and Defendants, Texas State Technical College ("TSTC") and J. Gilbert Leal, Pat Hobbs, and Leonel Gomez, in their individual capacities, submit the following Rule 26(f) Joint Discovery and Case Management Plan.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    The meeting of the parties took place via telephonic conference on Tuesday August 31, 2004, and again on Friday, September 3, 2004.

    Counsel for the Plaintiff and Attorney-in-Charge for the Plaintiff, Jon Harrison, is Truman W. Dean Jr. Mr. Dean is admitted to the Southern District of Texas.

    Counsel for the Defendants and the Attorney-in-Charge for the Defendants is Terence L. Thompson, Assistant Attorney General. Mr. Thompson is admitted in the Southern District of Texas.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None.

3. Briefly describe what this case is about.

Plaintiff brings suit under 42 U.S.C. § 1983. Plaintiff is a former long-term employee of TSTC, whose annual appointment contract was not renewed on June 13, 2002. Plaintiff alleges that this adverse employment action was taken in retaliation for the exercise of his rights to free speech and association. He further alleges that but for his exercise of federally protected rights, he would not have suffered the adverse employment action of the nonrenewal of his contract at TSTC.

The Defendants deny Plaintiff's allegations and assert that they had non-discriminatory and non-retaliatory reasons for the nonrenewal of Plaintiff's contract. TSTC asserts Eleventh Amendment immunity to Plaintiff's damage claims and the individual defendants assert qualified immunity to Plaintiff's suit.

4. Specify the allegation of federal jurisdiction.

Plaintiff asserts federal question jurisdiction, as Plaintiff's claims arise under the United States Constitution and 42 U.S.C. § 1983.

5. Name the parties who disagree and the reasons.

Defendant TSTC alleges that the Eleventh Amendment bars jurisdiction over it as to any claim for damages, and further alleges that it is not a proper party to a suit under 42 U.S.C. § 1983.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None at this time.

7. List anticipated interventions.

None.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties will exchange Initial Disclosures on or before September 10, 2004.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    (1.) See paragraph 9, above, regarding Rule 26(a) disclosures.

    (2.) Discovery will be needed as to the facts underlying Plaintiff's retaliation claims and as to Defendants' claim that legitimate reasons motivated their decisions, and such other issues that are relevant to the pleadings of the parties and/ or that are properly developed through the discovery process. See the proposed schedule for discovery, below. In addition, the parties are exploring the possibility of conducting ADR prior to undertaking written discovery or conducting depositions, and will report to the Court at the initial pretrial conference as to whether deadlines for formal discovery may be impacted by that process.

    (3.) No unusual limitation on discovery are anticipated.

    (4.) No additional orders under Rule 26(c) or Rule 16(b) or (c) are sought at this time.

B.    When and to whom the plaintiff anticipates it may send interrogatories.

By December 15, 2004, to any or all of the named Defendants.

C.    When and to whom the defendant anticipates it may send interrogatories.

By December 31, 2004, to the Plaintiff.

D.    Of whom and by when the plaintiff anticipates taking oral depositions.

By March 31, 2005, Plaintiff will complete all oral depositions of the Defendants and may also conduct depositions of non-party employees or former employees of TSTC, including those who are under the control of Defendants and are unwilling or unable to be interviewed informally by Plaintiff's counsel.

E.    Of whom and by when the defendant anticipates taking oral depositions.

By March 31, 2004, Defendant will take the oral deposition of the Plaintiff and some or all of the fact witnesses identified by Plaintiff whose proposed testimony is not known to Defendants.

F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a) (2) (B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff will be able to meet the Rule 26(a) (2) (B) requirements by April 20, 2005. Defendants will be able to designate responsive experts and provide their reports by May 30, 2005.

G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (Expert report).

Plaintiff will meet this deadline within 40 days after the Defendants name their expert witnesses.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (expert report).

    Defendants will meet this deadline within 40 days after Plaintiff names his expertwitnesses and provides their reports.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    The parties agree on this discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None at this time.

13. State the date the planned discovery can reasonably be completed.

    July 15, 2005.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    TSTC System is presently instituting and promoting an internal ADR procedure and the parties are discussing the possibility of ultilizing this process to mediate the case.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    See paragraphs 10 (A)(2) and 14, above.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    See paragraphs 10 (A)(2) and 14, above.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties respectfully decline to agree to submit this cause to a Magistrate for trial.

18. State whether a jury demand has been made and if it was made on time.

    A timely jury demand has been made.

19. Specify the number of hours it will take to present the evidence in this case.

    Fewer than 24.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None at this time.

21. List other motions pending.

    None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Counsel for Plaintiff:

    Truman W. Dean, Jr.
    State Bar No. 05623800
    P.O. Box 2560
    Cedar Park, Texas 78630
    Telephone: 512-257-2210 or 956-584-0033
    Telecopier: 512-257-2218

    Counsel for Defendants:

    Terence L. Thompson
    Assistant Attorney General
    Texas Bar No. 19943700
    Office of the Attorney General
    General Litigation Division
    P. O. Box 12548, Capitol Station
    Austin, Texas 78711-2548
    Telephone: 512-463-2120
    Telecopier: 512-320-0667

DATED:   September 7, 2004

Respectfully submitted,

*Truman W. Dean, Jr.* by permission *Therence L. Thompson*

TRUMAN W. DEAN, JR.
Attorney At Law
State Bar No. 05623800
Southern District I.D. No. 5279
P. O. Box 2560
Cedar Park, TX 78630
(512) 257-2210
(512) 257-2218 [fax]

ATTORNEY FOR PLAINTIFF


GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief General Litigation Division

*Therence L. Thompson*

TERENCE L. THOMPSON
Assistant Attorney General
Texas Bar No. 19943700
Southern District I.D. No. 26689
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2120
(512) 320-0667 [fax]

ATTORNEYS FOR DEFENDANTS

-7-

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent via fax on September 7, 2004, to:

Truman W. Dean, Jr.
P. O. Box 2560
Cedar Park, Texas 78630
**(512) 257-2218**

*[signature]*
TERENCE L. THOMPSON
Assistant Attorney General