

United States District Court
Southern District of Texas
FILED

DEC 0 8 2004

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JON P. HARRISON, | § | CIVIL ACTION NO. |
| | § | |
| Plaintiff | § | B-04-096 |
| | § | |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| TEXAS STATE TECHNICAL | § | |
| COLLEGE, AND INDIVIDUAL | § | |
| DEFENDANTS, DR. J. GILBERT LEAL, | § | |
| PRESIDENT TSTC-HARLINGEN, PAT | § | |
| HOBBS, DEAN OF INSTRUCTION, | § | |
| ZULEMA GARZA, DIVISION | § | |
| DIRECTOR—CIS, LEONEL GOMEZ, | § | |
| DEPARTMENT CHAIR—CST, SUED | § | |
| IN THEIR INDIVIDUAL CAPACITIES | § | |
| | § | |
| Defendants. | § | |

## NONPARTY RESPONDENT CHARLES ZUCKER'S OBJECTIONS
## TO DEPOSITION ON WRITTEN QUESTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Nonparty Respondent, Charles Zucker ("Zucker"), with this his

Objections to Plaintiff's Deposition on Written Questions. Nonparty Respondent Zucker would

respectfully show the Court the following:

1.      The Texas Faculty Association ("TFA") is a not-for-profit professional educator

association, which advocates for higher education and for better salary, benefits, and working

conditions for higher education employees. TFA is affiliated with the Texas State Teachers

Association, whose lawyers represent TFA members in employment disputes. TFA assists its

members in organizing locally and at the state and national levels to advocate for higher

education.  In addition, TFA staff provides its members with advice and assistance in various

employment matters.  Zucker, the nonparty respondent, is the Executive Director of TFA.

2.    On November 24, 2004, Zucker was served with Plaintiff Harrison's Notice of

Deposition by Written Questions that included a request to produce documents at the deposition.

Specifically, Plaintiff seeks

> (1)    The personnel file(s) of Jon Harrison, Charles Hancock, Clark Owen, George Ramsey, Mary Aldridge, Ann Roberts, Dr. Gilbert Leal, Pat Hobbs, Zulema Garza, Leonel Gomez, and any and all the documents regarding Texas State Technical College (TSTC) system campuses for the past six (6) years.

> (2)    Any and all yearly evaluations of Jon Harrison, Charles Hancock, Clark Owen, George Ramsey, Mary Aldridge, Ann Roberts, Dr. Gilbert Leal, Pat Hobbs, Zulema Garza, Leonel Gomez, and any and all the documents regarding Texas State Technical College (TSTC) system for the past six (6) years.

> (3)    Any evaluations of any type of Jon Harrison, Charles Hancock, Clark Owen, George Ramsey, Mary Aldridge, Ann Roberts, Dr. Gilbert Leal, Pat Hobbs, Zulema Garza, Leonel Gomez, and any and all the documents regarding Texas State Technical College (TSTC) system campuses for the past six (6) years.

> (4)    Memoranda or other intra-agency communications that discuss the job performance of Jon Harrison, Charles Hancock, Clark Owen, George Ramsey, Mary Aldridge, Ann Roberts, Dr. Gilbert Leal, Pat Hobbs, Zulema Garza, Leonel Gomez, and any and all the documents regarding Texas State Technical College (TSTC) system campuses, grievances, complaints, concerns or any potential or actual employment dispute what so ever that involved the employment of Jon Harrison, Charles Hancock, Clark Owen, George Ramsey, Mary Aldridge, Ann Roberts, Dr. Gilbert Leal, Pat Hobbs, Zulema Garza, Leonel Gomez, and any and all the documents regarding Texas State Technical College (TSTC) system campuses or any of his actions or alleged actions by Jon Harrison, Charles Hancock, Clark Owen, George Ramsey, Mary Aldridge, Ann Roberts, Dr. Gilbert Leal, Pat Hobbs, Zulema Garza, Leonel Gomez, and any and all the documents Regarding Texas State Technical College (TSTC) system campuses filed his Behalf, or filed or lodged against any of them.

> (5)    Any documents, e-mails, memos or any electronically recorded information of any kind that in any way relates to the reason(s) Jon Harrison, Charles Hancock, Clark Owen, George Ramsey, Mary Aldridge, Ann Roberts Dr. Gilbert Leal, Pat Hobbs, Zulema Garza, Leonel Gomez, and any and all the documents regarding Texas State Technical College (TSTC) system campuses.

(6)    Copies of any documents referenced by the documents supplied in response to Requests 1-5.

(7)    Settlement agreements TSTC, or any of its agents, entered into with Jon Harrison, Charles Hancock, Clark Owen, George Ramsey, Mary Aldridge, Ann Roberts, Dr. Gilbert Leal, Pat Hobbs, Zulema Garza, Leonel Gomez as a result of, or relating to, his tenure of employment any potential or actual employment dispute and the termination of his employment at TSTC regardless of the reason(s).

(8)    Any and all memos, reports, letters regarding the Federal Mediation Consultation Service.

3.    Nonparty respondent Zucker objects to Plaintiff's requests for production of documentation because it is unduly burdensome. More specifically, nonparty respondent Zucker objects to the request for documents because Plaintiff can obtain these documents from the Defendant TSTC. Federal Rule of Civil Procedure 26(b)(2)(i) requires the Court to limit discovery otherwise permitted if it determines the discovery sought "...is obtainable from some other source that is more convenient, less burdensome, or less expensive..." or "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought...".

4.    Apparently, Plaintiff has simply nonparty Respondent Zucker with the same discovery requests he sent to Defendant TSTC. For instance, Plaintiff seeks personnel files, yearly evaluations, and other types of evaluations of TSTC employees, some of which are not even TFA members. Unlike Defendant TSTC, TFA and Zucker are not in the business of maintaining and storing personnel files and evaluations of TSTC employees. Plaintiff also seeks intra-office memoranda and communications regarding TSTC employees. Plaintiff also seeks any settlement agreements that Defendant TSTC, or any of its agents, entered into with various TSTC employees.

5.     All of this requested information could be obtained from Defendant, which would be a "more convenient, less burdensome, or less expensive" source of the information. A nonparty should not have to produce records that are available through a party. Requesting this information from Zucker and TFA is inconvenient and burdensome because of TFA's small staff. Zucker and his secretary are the only TFA staff at TFA headquarters. Plaintiff's request for documents would require Zucker and his secretary to cull through years of documents and records, most of which are in archived files. As such, Zucker and his secretary would not be able to handle any of the TFA day-to-day operations while they were attempting to comply with the subpoena. It would be much more reasonable, rational, and practical to require a party to review its own files rather than submitting a nonparty to the rigors of the discovery process.

6.     Moreover, many documents responsive the Plaintiff's request are protected from disclosure under the lawyer-client privilege. FED. R. EVID. 501, TEX. R. EVID. 503. Plaintiff's subpoena broadly requests

> any and all the documents regarding Texas State Technical College (TSTC) system campuses, grievances, complaints, concerns or any potential or actual employment dispute what so ever that involved the employment of Jon Harrison, Charles Hancock, Clark Owen, George Ramsey, Mary Aldridge, Ann Roberts, Dr. Gilbert Leal, Pat Hobbs, Zulema Garza, Leonel Gomez, and any and all the documents regarding Texas State Technical College (TSTC) system campuses or any of his actions or alleged actions by Jon Harrison, Charles Hancock, Clark Owen, George Ramsey, Mary Aldridge, Ann Roberts, Dr. Gilbert Leal, Pat Hobbs, Zulema Garza, Leonel Gomez...

Documents responsive to this request would include communications between Texas State Teacher Association staff attorneys, who worked on legal issues with TFA members, and some of the named individuals. These documents include correspondence, emails, notes and memoranda between some of the named individuals and attorneys or their representatives. Accordingly, all such communications made by attorneys or their representatives "for the

purpose of facilitating the rendition of professional legal services to the client" are protected under the lawyer-client privilege from production.

6.      Finally, nonparty Respondent Zucker objects to the request for documents because if such documents do exist, many are protected under the client-representative privilege. Plaintiff's request for documents is so broad, it would encompass communications between TFA members and their lay representatives. Communications between an individual and his lay representative must be privileged if the lay representative is in fact authorized to represent the individual. *See Welfare Rights Organization v. Crisan*, 33 Cal.3d 766, 771 (1983).

7.      In Texas, public employees are authorized "to present grievances concerning their wages, hours of employment, or conditions of work either individually or *through a representative* that does not claim the right to strike." TEX. GOV'T CODE ANN. §617.005 (Vernon's 2004) (emphasis added).    In the higher education arena, faculty members are regularly represented by representatives of their professional associations.    The fact that the Texas Legislature has allowed lay representation of grievants/complainants in a number of administrative proceedings, and the necessary implication of such right that communications between representative and "client" must be privileged, strongly indicates it is the intent and will of the Legislature to protect such a relationship.

8.      Documents responsive to Plaintiff's broad request would include communications between TFA lay representatives and some of the named individuals.    Because Texas law expressly authorizes an individual to utilize layperson representation in public employment grievances, rather than an attorney in numerous circumstances, such as a union representative, communications between that person and his lay representatives should be privileged like those between a client and attorney.

Zucker's Objections to Deposition by Written Questions                                                        Page 5

9.     Moreover, nonparty Respondent Zucker, TFA and the Texas State Teachers Association, including its lawyers, will be closed for business from December 22, 2004 until January 3, 2005. Neither Zucker nor the lawyers at the Texas State Teachers Association will be available on December 28, 2004 for this nonparty matter as they will all be attempting to enjoy a quiet week with their families between Christmas and the New Year.  No phone calls or conferences were attempted by Plaintiff's lawyer to set this Deposition by Written Questions by agreement or at a time convenient to Zucker.

10.    Accordingly, for these reasons set forth above, nonparty Respondent Zucker objects to Plaintiff's Notice of Deposition by Written Questions, and the documents requested therein, in its entirety.  Plaintiff can obtain the information sought from a much more convenient and less burdensome source, the Defendants.  Moreover, some of the information sought by Plaintiff's request is protected by the lawyer-client privilege or the layperson representative privilege.  As such, nonparty Respondent Zucker prays that the Court uphold his objections to Plaintiff's Notice of Deposition by Written Questions and the request for production of documents therein.

Respectfully Submitted,

TEXAS STATE TEACHERS ASSOCIATION
OFFICE OF THE GENERAL COUNSEL

By: _____ w/permission VALERIE R. ESPARZA
                                    S\ ID No 23621
Kevin F. Lungwitz
State Bar No. 12698790
TEXAS STATE TEACHERS ASSOCIATION
316 West 12th Street
Austin, Texas 78701
Telephone: (512) 476-5355, ext. 1145
Facsimile: (512) 476-9215

LICENSED IN THE SOUTHERN DISTRICT
OF TEXAS

Zucker's Objections to Deposition by Written Questions                    Page 6

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent on this the 8th day of

December 2004 via Certified Mail/Return Receipt Requested and facsimile transmission to the

following:

        Truman Dean
        PO Box 2560
        Cedar Park, Texas 78630
        (956) 584-0689 (facsimile)
        **Attorney for Plaintiff**

w/ permission
_____
Kevin F. Lungwitz

*Zucker's Objections to Deposition by Written Questions*                                                    Page 7