United States District Court
Southern District of Texas
FILED

DEC 28 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JON P. HARRISON | CIVIL ACTION NO |
| Plaintiff | B-04-096 |
| v. | JURY TRIAL REQUESTED |
| TEXAS STATE TECHNICAL COLLEGE, AND INDIVIDUAL DEFENDANTS, DR. J GILBERT LEAL, PRESIDENT TSTC - HARLINGEN, PAT HOBBS, DEAN OF INSTRUCTION, ZULEMA GARZA, DIVISION DIRECTOR – CIS, LEONEL GOMEZ, DEPARTMENT CHAIR – CST SUED IN THEIR INDIVIDUAL CAPACITIES | **ORIGINAL** |
| Defendants | |

**PLAINTIFF HARRISON'S RESPONSE TO NONPARTY CHARLES ZUCKER'S OBJECTIONS TO DEPOSITION BY WRITTEN QUESTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Harrison, with this, his Response to Nonparty Zucker's objections to Plaintiff's Deposition on Written questions and would respectfully show the Court the following:

(1). The Plaintiff, in an attempt not to seek an Order from this Court compelling the pending deposition and production of documents will try to confer with the nonparty thorough his attorney for this motion so as not to waste the Court's time. However, the Plaintiff will seek an Order to compel the deponent to comply with a future subpoena due to the following factors in the Court's intervention is necessary.

(2). The Objections filed with this Court are simply factually inaccurate and contain gross factual misrepresentations in this signed pleading.

(3). The Objections state in paragraph 9 that Mr. Zucker was NOT contacted prior to the Notice being sent nor was not contacted by telephone to set the Depositions by agreement or at a time convenient to Zucker. IN FACT, the undersigned counsel conferred with Mr. Zucker over four times by telephone starting in November 2004 well before the deponent's November 30, 2004 vacation in very detailed conferences as to the time and place of this deposition as to NOT make it inconvenient for the deponent. Plaintiff specifically set this deposition for a time AFTER Mr. Zucker's return to this country from an overseas vacation. In fact the Plaintiff conferred with Mr. Zucker BEFORE THANKSGIVING to select a date convenient to him.

(4). The undersigned counsel and Mr. Zucker together selected the location of this deposition for the law offices of Mr. O'Hanlon which is just a few blocks from Mr. Zucker's office.

(5). Mr. Zucker AGREED to this deposition taking place this WEEK specifically as a down week for him and for that fact it would not be inconvenient for him. Mr. Zucker indeed stated that he wanted this deposition to take place BEFORE the start of the next legislative session.

(6). Mr. Zucker AGREED to meet the Process Server in the reception area of his building instead of having the process server take the elevator to his office on the fourth floor of his office building.

(7). No attempt was made by Mr. Zucker nor his attorney to inform the Plaintiff that somehow the agreed date, time and place of the deposition which was selected with extensive contact with Mr. Zucker suddenly had become inconvenient AFTER the deposition date had been specifically selected not to intervene with Mr. Zucker's vacation of duties during the legislative session in January. However, neither Mr. Zucker nor his attorney went to the trouble to contact the Defendants' counsel to discuss this deposition after Mr. Zucker was

subpoenaed as reflected in paragraph No.4.

(8). The claim that this requested information would overwhelmed the 'small staff" of TFA is once again a gross misrepresentation of fact, as reflected by paragraph No. 1 of the Objections. TFA is a state wide affiliate of the Texas State Teachers Association which has numerous employees and staff members with a multi-million dollar budget. It is also the state affiliate with the National Education Association which has numerous times in the past claimed to be the largest union in the United States and also has a multi-million budget. TFA represents itself as a state wide Association that has the staff, the money and the ability to represent its member and potential members that number in the tens of thousands throughout the state of Texas. TFA offices are located in a five story building owned by its parent affiliate T.S.T.A. which is within one block on the Texas capitol. Mr. Zucker has stated on numerous occasions that being a deponent is a frequent requirement of his job.

Either TFA is misrepresenting to its potential members and its actual members as well, as its state parent affiant TSTA, concerning TFA's abilities to represent Higher Education faculty and staff members throughout Texas regarding wages hours and working conditions or it

is misrepresenting itself to this Court in its claim of a "same staff" that will be overwhelmed by responding to this subpoena. Once again TFA HAD knowledge before Thanksgiving that this deposition was being scheduled and indeed agreed to its time and place With that much advance notice how is it possible that this deposition and the production of the requested documents are "overwhelming" in the face of its claims to its members and potential members of the benefits of representation by TFA throughout this state, as well as the potential members automatic membership in the National Education Association, who claims to have an active membership of over two million members nationwide?

If the Plaintiff has to seek this Court's intervention to compel TFA to comply with the subpoena it will file as an exhibit to the Plaintiff's motion the membership material TFA distributes state wide to its members and potential members that will enable this Court to determine whether the TFA's claim of a small staff that will be "overwhelmed" by responding to the requested production via subpoena.

(9). TFA's claims that all the information and documents it has knowledge, possession and control can be obtained from the

Defendants is also a gross factual misrepresentation to this Court. The Plaintiff is suing the Defendants for violating his federal rights protected by the first amendment to the U.S. constitution based on 42 U.S.C. sec. 1983. In his law suit the Plaintiff is alleging in part that the Defendants have a part, practice and policy of retaliating against its employees in violation of federal law for their exercise of their rights of free speech and association. This Plaintiff, in this case, was a TFA member when he was nonrenewed and he is alleging that nonrenewal was illegal retaliation. The Plaintiff has to wonder just whose side is the TFA on in this employment dispute by making this claim of not having information that is relevant and material to the factual disputes in this case that is not already in the possession of the Defendants. TFA has in the past sued many of these defendants on behalf of other TFA members for the same exact allegations that the Plaintiff has made.  In this dispute, TFA claims to this Court that the Plaintiff can obtain the same documents from the Defendants and objects to providing this Plaintiff the discovery he needs to prove his Mt. Healthy Burden to this Court. By this objection is TFA, as an EMPLOYEE ASSOCIATION who has sued many of these same Defendants refusing to assist a fellow TFA member prove his case against his employer who terminated his employment WHILE HE WAS A TFA MEMBER?

So as to not make it inconvient for TFA, the Plaintiff will re-subpoena TFA AFTER it has obtained and reviewed all documents possible from the Defendants so as not to bother TFA, an employee association, whom Plaintiff was a member of, in the Plaintiff's employment dispute with his employer.

(10). The only partially valid objection Zucker and TFA may have is one of privilege. It is claiming its rights of privilege regarding the information and documents in has in its possession that could prove the Plaintiff's case as an employee who has suffered illegal retaliation outweighs its former member's rights to information to prove his allegations of illegal retaliation. In other words, TFA is objecting to providing this former member the information he needs to prove to this Court that he was illegally rehabilitated against and that its rights of privilege outweigh the Plaintiff's rights to obtain the necessary information to prove to this Court that he allegations of retaliating is true. The Court should note that TFA is claiming a privilege to information it has obtained as an employee association that the Plaintiff was a member of and PAID DUES TO that could prove his allegations against the Defendants of illegal employment retaliation to this Court. This is again information TFA obtained as an employee association. Once again, the Plaintiff must inquire as a former TFA

member, WHOSE SIDE is TFA ON in the Plaintiff's lawsuit against his employer?

(11). Finally, the deponent did not send a copy of its objections to the Defendants counsel of record and therefore its certificate of service was not only defective, the Defendants' counsel of Record appeared at the deposition upon Written Questions at the proper time and place at which the deponent failed to appear.

WHEREFORE the Plaintiff respectfully REQUESTS that the Court allow the Plaintiff and TFA time to attempt to resolve this dispute without the Court's intervention at this time. However, the Plaintiff will soon hereafter will request the Court's involvement if informal discussions do not resolve this discovery dispute.

Respectfully submitted,

Truman W. Dean, Jr.
Attorney in Charge for
Jon P. Harrison
State Bar No. 05623900
P.O. Box 2560
Cedar Park, Texas 78630
Phone: (512) 257-2210
        (956) 584-0033
Fax No: (956) 584-0689

ADMITTED IN THE SOUTHERN
DISTRICT OF TEXAS

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS PLEADING HAS BEEN SERVED UPON ASSISTANT ATTORNEY GENERAL TERRANCE THOMPSON, DEFENDANTS' COUNSEL OF RECORD via tle copier 512-320-0667 and certified mail return receipt requested at P.O. Box 12548, Capitol Station, Austin, Texas 78711, AND KEVIN LUNGWITZ, ATTORNEY FOR THE DEPONENT CHARLES ZUCKER VIA FAX 512-476-9215 and by certified mail return receipt requested at 316 W.12th Austin, Texas 78701

Truman W. Dean, Jr.