IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 23 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JON P. HARRISON | § | CIVIL ACTION NO |
| Plaintiff | § | |
| | § | B-04-096 |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| TEXAS STATE TECHNICAL COLLEGE, | § | |
| AND INDIVIDUAL DEFENDANTS, | § | |
| DR. J GILBERT LEAL, PRESIDENT | § | |
| TSTC - HARLINGEN, | § | |
| PAT HOBBS, DEAN OF INSTRUCTION, | § | ORIGINAL |
| ZULEMA GARZA, DIVISION | § | |
| DIRECTOR – CIS, | § | |
| LEONEL GOMEZ, DEPARTMENT | § | |
| CHAIR – CST | § | |
| SUED IN THEIR INDIVIDUAL | § | |
| CAPACITIES | § | |
| | § | |
| *Defendants* | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO ALLOW
ATTORNEY OF RECORD TO WITHDRAW AND
ABATEMENT OF PRE-TRIAL ORDER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now the Plaintiff's undersigned Attorney of Record, with this his Motion to

Withdraw as Plaintiff's attorney, for the abatement of the pending Pre-Trial Order

in this matter and to allow the Plaintiff forty five (45) days to retain new counsel

for the reasons stated below:

The undersigned counsel of Record regrets the necessity of filing this motion. The undersigned attorney has suffered severe, chronic and at times life threatening illness from a medical diagnosis of chronic obstructive pulmonary disease, almost always referred to as COPD.

The undersigned attorney has suffered from this condition for over a decade but unfortunately the severity of the disease has increased ten fold since October 2004.

The undersigned counsel has in the last several months suddenly and unexpectedly developed serious and chronic health issues that he cannot ignore and the undersigned counsel is in the process of retiring and referring all of his federal lawsuits to other law firms to become the attorney-in charge for the Plaintiff. Plaintiff's counsel has endeavored to refer this law suit to another firm for the past several months but has been handicapped in his abilities

On Monday, October 11, 2004 the undersigned counsel, within a matter of minutes became aware of a breathing problem, with chills, fever and a total lack of energy. The undersigned counsel called the Administrative Law Judge in a Texas Workforce appeal hearing scheduled for Tuesday October 12, 2004 at 8:30 a.m. to inform that Administrative Law Judge that he was too ill to participate in the scheduled telephonic hearing scheduled for the next day. The undersigned counsel also contacted the office of a U.S. Magistrate in Austin, Texas regarding an oral argument scheduled for October 13, 2004 at 10:00 a.m. in a different

lawsuit that Judge Yeakel had referred to that U.S. Magistrate to request a postponement due to the undersigned counsel's sudden illness.

On October 12, 2004 the undersigned counsel felt better, but also accepted the fact that if the undersigned counsel was just too "tired" and "exhausted" to travel to Austin to attend oral argument before the U.S. Magistrate (an unusual and infrequent request made to any federal court since 1979) that an examination by a Doctor was necessary.

On October 12, 2004, the undersigned counsel made and attended an appointment with Dr. Roberto Ruiz. After the physical examination by Dr. Ruiz the undersigned counsel was informed that his chest infection illness has left him with permanent damage to his respiratory/breathing system due to:

(a) Having smoked since 13

(b) Not realizing how sick he was until damage was done that is permanent and chronic

(c) A prior history of numerous respiratory infections

(d) Working in an office building in Mission that had a poorly maintained air conditioning system

(e) Removal of the undersigned counsel's spleen in 1974, which allows the undersigned counsel to be more susceptible to respiratory infections and to weaken the body's ability to fight off such infections.

On October 12, 2004 Dr. Ruiz prescribed Levaquin 500 Mg tablets and an Albuterol Sulfate inhalation solution to be administered four times a day

through an inhalation device, called a Nebulizer to utilize to deliver the inhalation solution to the undersigned lungs. Dr. Ruiz also informed the undersigned counsel that it would take "several weeks" for the undersigned counsel to regain his strength and energy.

On Saturday, October 23, 2004 the undersigned counsel's breathing once again became a problem and he cancelled his attendance at a birthday party for his office manager's son on that day.

On October 26, 2004 the undersigned counsel was examined by Dr. Ruiz once again.
He was then instructed to buy the Nebulizer instead of renting it for a month and was additionally prescribed an Atrovent Inhalation Aerosol and an Advair Diskus 100/50.

The undersigned counsel was instructed to take the Atrovent Aerosol once a day, the Advair Diskus once a day and the nebulizer treatment twice a day for the next TWO YEARS and that be then the undersigned counsel would "feel" better.

Since October 26, 2004 the undersigned counsel has been required to leave work, without notice, to rest when his breathing has been bothered or labored. Dr. Ruiz informed the undersigned counsel that any irritation of the lungs, by car or air pollution, dust or irritants in the air can and will cause another respiratory infection that can lead to serious complications within hours.

This new and chronic respiratory illness, the so-called 'chest cold' which has now been diagnosed as a worsening or his COPD has undermined the stability and functioning of the Plaintiff's solo practice in the area of federal civil rights and first amendment litigation in federal court. The firm has fallen behind on its pending litigation cases and maintaining the level of professionalism that the undersigned counsel wishes to achieve. The undersigned counsel is now required to undertake numerous lifestyle changes in order not to be terminally ill within the next three to five years.

Based on the above and as a result, the undersigned counsel's office has suffered a significant delay and inability to fulfill his legal responsibilities under the Code of Ethics for a Texas Attorney. If the undersigned counsel works over four hours a day, he becomes seriously ill. If the undersigned counsel travels out of town for litigation he becomes seriously ill. If the undersigned counsel takes a deposition, attends a mediation conference or even talks extensively on the telephone he becomes seriously ill. (See Exhibits 1, 2, and 3 which are true and correct copies of documentation regarding the Undersign attorney's illness and symptoms incorporated herein by reference as if part of this Pleading)

After Christmas 2004, Dr. Ruiz referred the undersigned counsel to a pulmonary specialist. The undersigned counsel's next appointment with that specialist is June 7 or 8, 2005. The COPD disease has as part of its negative effect on the counsel's abilities to practice law the additional factors of scar material within the inner lining of his lungs, the fact that he has suffered ten

bounds with pneumonia, and now after over ten years of COPD disease with chronic bronchitis, asthmatic bronchitis.

The undersigned counsel has suffered numerous infections of his lungs since January 2005 and has not been able to properly litigate this law suit for the Plaintiff. The deponent Charles Zucker of TFA/TSTA failed to attend his scheduled deposition in December 2004. However, the undersigned counsel has been too ill on a weekly basis of COPR attacks to file the proper motions with this court. The Defendants have responded to the Plaintiff's request for production of documents, by delivering a CD to a law Office associated with the undersigned counsel but the undersigned counsel has been too ill until today to even verify that the CD was indeed delivered to an Austin office on or about March 9, 2005 according to the attorney general office until today, due to confusion regarding whether or not the CD was ever actually delivered.

The undersigned counsel is suffering and has suffered for months the following conditions from the COPD illness:

(1). Shortness of breath from any sort of physical exertion and, at times without warning

(2). Daily coughing and feeling of suffocating in the mornings

(3). Daily whitish sputum, but frequently the sputum changes color becoming yellow.

(4). Frequent audible wheezing.

(5). Frequent fevers and the frequent and sudden development of infections without warning

(6). Frequent tightness in chest

(7). Mental confusion, an increasingly occurrence of mispronouncing of words and not verbalizing the words meant to be spoken; such as saying "Day" when the undersigned counsel believes that he said "night"

(8). Difficulty sleeping

(9). Inability to work even part-time on a consistent basis

(10). Frequent extreme fatigue.

As a solo practice the undersigned counsel has been forced to close his Mission law office, his Austin law office, turn away new cases and refer out to other law firms his pending law suits. The undersigned counsel is not filing this Motion for the purposes of delay, but simply cannot practice law and survive. Both the Plaintiff and the undersigned counsel have been diligently seeking to retain another law firm for the Plaintiff since January 2005. The Plaintiff has made out of town trips to visit at least one other law firm who after five months of reviewing the Plaintiff's file decided that due to the work load of that firm it could not agree at this time to become the attorney or Record for the Plaintiff. The undersigned counsel is this day seeking a Dallas law firm to take over this lawsuit for the Plaintiff and enter an appearance in this law suit.

The undersigned counsel will close the doors of his law practice and surrender his law license forever which he has held since November 1979 on or before July 1, 2005.

Plaintiff seeks Leave to withdraw from this law suit due to his medical status. The Plaintiff also respectfully requests that this litigation be held in abatement for forty-five days (45) days for the Plaintiff to seek other counsel and that a new Pre-trial Order deadline be issued by this Court. Simply, it is the undersigned counsel's daily battle with his COPD disease that has, through no fault of the Plaintiff, caused the delay in his attorney filing this Motion.

The undersigned counsel has already withdrawn from two federal law suits against governmental units that the Attorney General of the state of Texas was representing the Defendants, the Attorney of Record in this matter has known for several months that the undersigned counsel was seeking another law firm to take over this litigation for the Plaintiff and the several of the attorneys working at the Attorney Generals Office for the State of Texas had received Notice of the undersigned attorney's intention, e-mailed to the Attorney general's office the first week of April 2005 of retiring due to health issues. However, the undersigned attorney has been unable to contact the Attorney of Record for the Defendants regarding this Motion. Plaintiff Harrison has no objection to and does not oppose this Motion.

WHEREFORE, the Plaintiff's undersigned counsel respectfully requests that this Court grant this Motion due to the health issues of the undersigned counsel,

which is not curable at the present time, and that the Court take into consideration the medical crises of this attorney of Record as excusable neglect for not filing this Motion sooner and not penalize the Plaintiff due to the severe and chronic illness of his counsel. The Plaintiff also respectfully requests that this Court abate any further proceedings in this matter for forty-five (45) days to allow the Plaintiff to seek other counsel and to issue a new Pre-trial Order deadlines so that justice can be done in this matter.

Respectfully Submitted,

Truman W. Dean, Jr.
Attorney in Charge for Plaintiff
State Bar No. 05623900
P.O. Box 2826
Mission TX 78502-2826
Phone 956—342-0398
**ADMITTED IN THE SOUTHERN DISTRICT OF TEXAS**

**CERTIFICATE OF ATTEMPTED CONFERENCE**

I HEREBY CERTIFY that I have attempted to confer with the Defendants' attorney of Record Terrance Thompson via telephone at 512-463-21210 by placing calls to him, his present legal assistant and his former legal assistant four times on this the 23rd day of May, 2005, but was unsuccessful in reaching Mr. Thompson.

Truman W. Dean Jr.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion and Proposed Order has been served on this 23rd day of May 2005, on Defendants' Attorney-In-Charge, Terence L. Thompson, Assistant Attorney General, General Litigation Division, P. O. Box 12548, Capitol Station, Austin, Texas 78711 by U.S. Certified Mail, Return Receipt requested.

Truman W. Dean