United States District Court
Southern District of Texas
FILED

JAN 1 3 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JON P. HARRISON | § | |
| | § | |
| vs. | § | C.A. No. B-04-096 |
| | § | |
| TEXAS STATE TECHNICAL | § | |
| COLLEGE, et al. | § | |

### DEFENDANTS' MOTION TO COMPEL DISCOVERY, MOTION FOR A PROTECTIVE ORDER, AND MOTION TO EXTEND SCHEDULING ORDER DEADLINE FOR FILING DISPOSITIVE MOTIONS

TO HON. ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:

Defendants, Texas State Technical College, Dr. J. Gilbert Leal, Pat Hobbs, Zulema Garza, and Leonel Gomez (collectively, "Defendants"), by and through the Attorney General of Texas, Greg Abbott, and the undersigned Assistant Attorney General, file this Motion to Extend Scheduling Order Deadlines. In support thereof, Defendants would show the Court as follows:

1. On August 10, 2005, this Court entered the Scheduling Order that is currently in effect. It set December 30, 2005 as the deadline to complete discovery and January 13, 2005 as the dispositive motions deadline.

2. Beginning in May of 2005, if not earlier, Plaintiff's former counsel, Mr. Truman Dean, began the process of withdrawing as counsel of record and finding substitute counsel for Plaintiff. After several months' delay, at a hearing held on August 31, 2005, Mr. Miguel Salinas agreed to become the attorney in charge for Plaintiff, and filed a motion to substitute counsel on September 2, 2005. At the hearing on August 31, 2005, the Court invited Plaintiff's counsel to propose new dates for a scheduling order in the near future, if they believed this to be necessary.

This did not happen. Mr. Salinas' motion to substitute represents that "the substitution of attorney [sic] will not delay these proceedings."

3.      On November 23, 2005, Defendants sent written interrogatories and a request for production of documents to Plaintiff. *See* Exhibit A, hereto. Someone from the offices of Plaintiff's counsel signed for the receipt of this written discovery on November 28, 2005, which was sent by certified mail. *Ibid.* Plaintiff's responses were due to Defendants no later than December 28, 2005. As of today's date, January 12, 2006, Plaintiff has not responded to Defendants' discovery requests.

4.      Instead, on December 29, 2005, Mr. Salinas propounded Plaintiff's First Set of Request for Production to Defendant, attached hereto as Exhibit B, and Plaintiff's First Set of Interrogatories to Defendant, attached as Exhibit C. Mr. Salinas' request for production is identical (word for word) to Plaintiff's First Request for Production of Documents that was served by Mr. Dean on November 23, 2004, and which Defendants answered over a year ago. See Defendants' Responses and Objections to Plaintiff's First Request for Production, dated December 27, 2004, attached as Exhibit D, hereto.

5.      Defendants move to strike Plaintiff's written discovery as untimely and, in the case of the requests for production, also as duplicative and unnecessary. Under the Court's scheduling order, discovery must be *completed* by December 30, 2005. This requires the parties to allow sufficient time for opposing parties to answer or respond to written discovery propounded during the discovery period. Sending written discovery the day before the deadline does not allow this discovery to be *completed* by the Court's deadline. For this reason, absent leave of court to propound late discovery, which Plaintiff's counsel have not sought or obtained, Plaintiff's interrogatories and requests for production are untimely. There has been no discussion, or

2

agreement, between counsel regarding doing discovery beyond the deadline. For all these reasons, Defendants move the Court to enter a protective order striking Plaintiff's written discovery. In the alternative, Defendants request that if Plaintiff is eventually permitted to promulgate this discovery, that this be only in conjunction with a general expansion of the discovery period, so that Defendants may also do additional discovery past the current deadline if they choose to do so.

6. Defendants move to compel Plaintiff to fully and completely answer, without objection, Defendants' written discovery. *See* F. R. Civ. P. 33(b)(4) and 34 (b) (objections waived if not filed before the deadline to respond). In the alternative, should the Court deem it proper, Defendants ask the Court to order more severe sanctions for Plaintiff's complete failure to respond to discovery. See F. R. Civ. P. 37(d). It will be very difficult for Plaintiff's counsel to argue good cause for failing to respond in any way to Defendants' written discovery when they used their time and efforts instead to send untimely and duplicative discovery requests to Defendants. Mr. Salinas has also not returned calls from Defendants' counsel inquiring as to when, or if, Plaintiff intends to answer Defendants' discovery, to discuss the untimeliness of Plaintiff's written discovery, and the merits of this motion.[1]

7. Tomorrow, January 13, 2006, is the current deadline for dispositive motions. Because of Plaintiff's wholesale failure to respond to written discovery and his lack of cooperation in the discovery process, Defendants are not able at this time to adequately present their motions for summary judgment, as they intend to do. Defendants move to extend this deadline for 45 days, until February 27, 2005. Such an extension would allow time for Defendants' foregoing motions to

---

[1] When Mr. Salinas did not return the undersigned counsel's calls, he also put in calls to Mr. Schulman, co-counsel for Plaintiff. Mr. Schulman did attempt to return one of Defendant's counsel's calls, but the parties have not spoken as of the time of the filing of this motion.

3

compel and for protection to be resolved by the Court. It would also allow the Defendants time to review all documents and responses produced by the Plaintiff and to thereafter file their dispositive motions. Of course, if Plaintiff would voluntarily and fully comply with his discovery obligations sooner, the time requested to finalize Defendants' dispositive motions could be shorter.

8.  Defendants would suggest to the Court that, in light of the circumstances, all of the current scheduling order deadlines be extended by at least 45 days as well.

9.  This motion is not made for purposes of delay but so that justice may be served.

WHEREFORE, Defendants pray that this motion be granted.

Respectfully submitted

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief General Litigation Division


TERENCE L. THOMPSON
Assistant Attorney General
Texas Bar No. 19943700
Southern District Bar No.26689
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2120
(512) 320-0667 [fax]

ATTORNEYS FOR DEFENDANTS

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document will be sent by overnight mail on this the 12th day of January, 2006, to:

Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521

John E. Schulman
Schulman Law Firm, P.C.
9400 N. Central Expressway, Ste. 416
Dallas, Texas 75231

TERENCE L. THOMPSON
Assistant Attorney General