## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

November 23, 2005

Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521

     **RE:**   **Civil Action No. B-04-096;**
           ***Jon P. Harrison v. Texas State Technical College, et al.***

Dear Mr. Salinas:

Enclosed please find the following documents:

1.      Defendant's First Set of Interrogatories to Plaintiff; and

2.      Defendant's First Request for Production to Plaintiff

Thank you and if you have any questions, please feel free to call me at the number listed below.

Sincerely,

Jean Warner, Legal Assistant to
TERENCE L. THOMPSON
Assistant Attorney General
(512) 463-2120

Enclosures

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MIGUEL SALINAS
803 OLD PORT ISABEL RD
BROWNSVILLE, TX 78521

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X      ☐ Agent
       ☐ Addres

B. Received by (Printed Name)    C. Date of Deli.

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
  ☐ Certified Mail  ☐ Express Mail
  ☐ Registered  ☐ Return Receipt for Merchan
  ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

7003 2260 0002 7410 1434

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JON P. HARRISON | § | |
| | § | |
| vs. | § | CA. B-04-096 |
| | § | |
| TEXAS STATE TECHNICAL | § | |
| COLLEGE, et al. | § | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:    JON P. HARRISON, Plaintiff, by and through his attorney of record, Miguel Salinas
803 Old Port Isabel Road, Brownsville, Texas 78521

Come now Defendants Texas State Technical College ("TSTC"), and Defendants Dr. J.

Gilbert Leal ("Leal"), Pat Hobbs ("Hobbs"), Zulema Garza ("Garza"), and Leonel Gomez ("Gomez")

and pursuant to Fed. R. Civ. P. 33, require Plaintiff Jon P. Harrison to answer separately each of the

following interrogatories in writing under oath, within 30 (thirty) days of service hereof, which shall

be deemed continuing so as to require supplemental answers if you or your counsel obtain further

information.

In answering these questions, please furnish all information available to you, including

information in the possession of your attorney or any other person acting on your behalf. If you

cannot answer the Interrogatory in full after exercising due diligence to secure the information, so

state in your answer, and to the extent possible answer state whatever information or knowledge you

have. The answers are to be signed by the Plaintiff and not by any agent or attorney.

## I.
## DEFINITIONS APPLICABLE TO INTERROGATORIES

The following terms are defined and used in these Interrogatories as follows:

1.    "Person" means the plural as well as the singular and includes: natural persons, corporations,

firms, associations, partnerships, joint ventures, trusts, estates, or any other form of organization or legal entity; and governmental agencies, departments, units, or subdivisions thereof.

2.     "Plaintiff" means Jon P. Harrison and all representatives of Jon P. Harrison or purporting to act on his behalf, including, but not limited to, all employees, attorneys, consultants, agents, adjusters, investigators, or any other representatives.

3.     Unless otherwise specified, "Defendants" herein means Defendants Texas State Technical College ("TSTC"), Dr. J. Gilbert Leal ("Leal"), Pat Hobbs ("Hobbs"), Zulema Garza ("Garza"), and Leonel Gomez ("Gomez") " and/or all representatives, employees, agents, or officers acting or purporting to act on their behalf.

4.     "You" or "your" or "yours" means Plaintiff Jon P. Harrison "Harrison" and all representatives, acting or purporting to act on your behalf, including, but not limited to, employees, attorneys, consultants, agents, adjusters, investigators, or any other representatives.

5.     "Occurrence made the basis of this lawsuit" means the allegations contained in Plaintiff's Complaint, or any subsequent amendment or supplement thereto, including the alleged injury to Plaintiff, and the alleged acts by the Defendants that allegedly caused Plaintiff's injury and damages.

6.     "Identify" or "identity of" when referring:

   (a)     to a person who is an individual or health care provider, means to state his or her full name and present, or last known, business or residential street address, city, state, and phone number;

   (b)     to a person who is a corporation, firm, partnership, association, joint venture, trust, estate or any other form of organization or legal entity or to a governmental agency (including any department, unit, or subdivision thereof) means to state its full name and present or last known pertinent business street address, city, state, and phone



number;

c) to a communication, means to state the substance of the communication, the date or which the communication occurred, and the name of each person who was either a participant in the communication or was present when said communication occurred.

7. "Relating to," "Referring to" or "Pertaining to" shall mean in any way concerning, constituting, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, substantiating, qualifying, negating or refuting, unless qualified by word of limitation.

8. "Communication" means any conveyance or transfer of any information from one person to another by any means or in any form. This includes, but is not limited to, all types of documents and oral communications.

9. "Health Care Provider" includes any physician, psychologist, psychiatrist, counselor, therapist, doctor or other person who provided you with any medical and/or mental health or emotional treatment.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief General Litigation Division

_Robert Thompson_    Tx Bar No. 24046058
for

TERENCE L. THOMPSON
Assistant Attorney General
Texas Bar No. 19943700
Southern District I.D. No. 26689
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2120
(512) 320-0667 [fax]

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent via certified

mail, return receipt requested on this the _23_ day of November, 2005, to:

Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521

_Robert Thompson_ for

TERENCE L. THOMPSON
Assistant Attorney General

# INTERROGATORIES

**INTERROGATORY 1:**    Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**ANSWER:**

**INTERROGATORY 2**:    State all injuries allegedly suffered by you as a result of the acts alleged in your complaint. State for each claim of injury the monetary damages placed on each injury and explain how the amount was arrived at.

**ANSWER:**

**INTERROGATORY 3:** Identify every person with knowledge of relevant facts and summarize each person's knowledge and opinions.

**ANSWER:**

**INTERROGATORY 4:**  Identify all persons or entities that have possession, custody, or control of documents relevant to this suit and the documents over which they have possession, custody, or control.

**ANSWER:**

**INTERROGATORY 5:**  For any statements that have been taken from Plaintiff or taken on Plaintiff's behalf, relating to the facts that are the subject of this litigation, please state the following:

      a.      The identity of the person who gave or made the statement.
      b.      The substance of the statement.
      c.      The date when the statement was taken.
      d.      The identity of the person who took the statement.
      e.      Whether the statement was reduced to writing.
      f.      The present location of the statement and the identity of the person now in possession of the statement.
      g.      Whether Plaintiff will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

**ANSWER:**

**INTERROGATORY 6:**    For each alleged cause of action in Plaintiff's Complaint, please describe in full detail all actions taken by each individual defendant named in this suit. State all facts which support your position, and state the source of your information, including the address and phone number of each source.

**ANSWER:**

**INTERROGATORY 7:**   For each named defendant, please identify and describe each and every instance of speech and conduct for which you claim Defendants retaliated against you. In your answer, please include the date and place for each time such speech and conduct occurred, if there were any witnesses to the occurrence and if so the names and addresses of the witnesses to the occurrences.

**ANSWER:**

**INTERROGATORY 8:**    If Plaintiff contends he has met the legal prerequisites to filing this action, state with particularity all facts supporting the contention.

**ANSWER:**

**INTERROGATORY 9:**    Describe the content and nature of Plaintiff's speech that forms the basis of this lawsuit. Include the following:

      a.      The events preceding Plaintiff's speech, each time.
      b.      The context in which each speech arose.
      c.      The time, place, and manner in which each speech occurred.

**ANSWER:**

**INTERROGATORY 10:**    Describe each action, conduct, or measure taken by Defendants in response to Plaintiff's speech each time it occurred.

**ANSWER:**

**INTERROGATORY 11:**    If Plaintiff contends that he was wrongfully terminated because of his speech, state with particularity all facts supporting that contention.

**ANSWER:**

**INTERROGATORY 12:**  Describe in specific detail the events leading up to and following the non-renewal of Plaintiff's contract.

**ANSWER:**

**INTERROGATORY 13:**    If Plaintiff contends Defendants damaged his reputation and hindered his ability to gain future employment, state with particularity all facts supporting the contention.

**ANSWER:**

**INTERROGATORY 14:**    If Plaintiff contends his speech was of public concern and protected by the First Amendment, state with particularity all facts supporting the contention.

**ANSWER:**

**INTERROGATORY 15:**    If Plaintiff contends his right to associate in groups as protected under the First Amendment, as alleged in paragraph 11 of Plaintiff's Original Complaint, was violated by the Defendants, state with particularity all facts supporting the contention. Include the following:

a.      The events preceding each violation.
b.      The names addresses and telephone numbers of the people you associated with
at the time of each such violation.
c.      The time, place, and manner in which each violation occurred.

**ANSWER:**


**INTERROGATORY 16:**     State specifically what issues you believe constituted constitutionally
protected "whistle-blowing" as a form of free speech as you have alleged in paragraph 11 of your
Original Complaint. Include in your answer your definition of "constitutionally protected whistle-
blowing".

**ANSWER:**


**INTERROGATORY 17:**    Please state with particularity all personnel actions, for example but
not limited to, reprimands, probations, and suspensions, taken against you while you were employed
at TSTC.

**ANSWER:**


**INTERROGATORY 18:**    Describe your relationship with each member of the Faculty Senate
or the Campus Administration.

**ANSWER:**


**INTERROGATORY 19:**  If Plaintiff filed an internal complaint alleging a violation of his right
to free speech, or to associate, respond as follows:

a.      Identify, by name and job title, the person to whom the complaint was made.
b.      State the date the complaint was filed.
c.      State whether an administrative hearing was held on the complaint.
d.      State the disposition of the complaint.

**ANSWER:**

**INTERROGATORY 20:**   If no internal complaint was filed in response to Interrogatory No. 19, state the reason(s) what one was not filed by the Plaintiff.

**ANSWER:**

**INTERROGATORY 21**:   State whether an internal investigation or administrative hearing was conducted by defendant and whether any reports were issued.

**ANSWER:**

**INTERROGATORY 22:**   State specifically the amount of damages you sustained in this case and briefly describe the evidence upon which you will rely at trial to establish this claim for damages. Include any and all claims for actual and/or punitive damages.

**ANSWER:**

**INTERROGATORY 23:**   If Plaintiff contends Dr. J. Gilbert Leal, Pat Hobbs, Zulema Garza, and Leohel Gomez are not entitled to qualified immunity, state the factual basis for this contention.

**ANSWER:**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JON P. HARRISON | § | |
| | § | |
| vs. | § | CA. B-04-096 |
| | § | |
| TEXAS STATE TECHNICAL | § | |
| COLLEGE, et al. | § | |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

TO:    JON P. HARRISON, Plaintiff, by and through his attorney of record, Miguel Salinas 803 Old Port Isabel Road, Brownsville, Texas 78521

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Texas State Technical College ("TSTC"), and Defendants Dr. J. Gilbert Leal ("Leal"), Pat Hobbs ("Hobbs"), Zulema Garza ("Garza"), and Leonel Gomez ("Gomez") propound the following requests for production of documents and other tangible things pursuant to Rule 34 of the Federal Rules of Civil Procedure as follows:

Plaintiff Jon P. Harrison shall produce and permit the inspection and copying of the following information, documents and tangible things that relate to this cause and are within the possession, custody or control of Plaintiff and/or his agents and representatives within thirty (30) days of the service of this request. Said production and inspection shall occur at the Office of the Attorney General, 300 West 15th Street, Austin, TX or at a mutually agreeable location.

### INSTRUCTIONS FOR ANSWERING

1.    Defendants require you to obtain and furnish all responsive information available to you or any of your representatives, attorneys or agents, and to obtain and furnish all information that is in your possession or under your control and/or in the possession or in the control of any of your representatives or attorneys or agents.

2.    Each request shall be responded to separately.

3.    All documents produced shall be segregated and identified by the request(s) to which they are primarily responsive. Where required by a particular paragraph of a request, documents produced shall be further segregated and identified as in the particular paragraph. For any documents that are stored on maintained in files in the normal course of business, such documents shall be produced in such files or in such a manner to preserve and identify the file from which those documents were taken.

4.    If you object to part of any request, please furnish documents responsive to the remainder of the request to which you do not object.

5.    Each request refers to all documents that are either known by you to exist or that can be located or discovered by you or the reasonably diligent efforts of your attorneys or agents.

6.    The documents requested for production shall include all attachments and enclosures.

7.    For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the existence of the lost document or any facts about the lost document.

     a.    When identifying the document, you must state the following:
          (1)    the nature of the document (*e.g.*, letter, handwritten note);

          (2)    the title or heading that appears on the document;

          (3)    the date of the document and the date of each addendum, supplement, or other addition or change;

          (4)    the identity of the author and the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

     b.    When identifying the person, you must state the following:

          (1)    the full name; and

          (2)    the present or last known residential address and residential telephone number; or

          (3)    the present or last known office address and office telephone number.

8.    If you have withheld any document from production on the ground that it is privileged, you are instructed that this Request for Production also serves as a request for a privilege log, specifying the following information regarding any document withheld on any ground of privilege:

a.    the type of document;

b.    the date of the document;

c.    the author of the document and the addressee and all recipients of the document; and

d.    the type of privilege asserted with respect to the particular document.

## DEFINITIONS APPLICABLE TO REQUEST FOR PRODUCTION

The following terms are defined and used in these Requests as follows:

1.    "Person" means the plural as well as the singular and includes: natural persons, corporations, firms, associations, partnerships, joint ventures, trusts, estates, or any other form of organization or legal entity; and governmental agencies, departments, units, or subdivisions thereof.

2.    "Plaintiff" means Jon P. Harrison and all representatives of Jon P. Harrison or purporting to act on his behalf, including, but not limited to, all employees, attorneys, consultants, agents, adjusters, investigators, or any other representatives.

3.    Unless otherwise specified, "Defendants" herein means Defendants Texas State Technical College ("TSTC"), Dr. J. Gilbert Leal ("Leal"), Pat Hobbs ("Hobbs"), Zulema Garza ("Garza"), and Leonel Gomez ("Gomez") " and/or all representatives, employees, agents, or officers acting or purporting to act on their behalf.

4.    "You" or "your" or "yours" means Plaintiff Jon P. Harrison "Harrison" and all representatives, acting or purporting to act on your behalf, including, but not limited to, employees, attorneys, consultants, agents, adjusters, investigators, or any other representatives.

5.    "Occurrence made the basis of this lawsuit" means the allegations contained in Plaintiff's Complaint, or any subsequent amendment or supplement thereto, including the alleged injury to Plaintiff, and the alleged acts by the Defendants that allegedly caused Plaintiff's injury and damages.

6.    "Identify" or "identity of" when referring:

(a)    to a person who is an individual or health care provider, means to state his or her full name and present, or last known, business or residential street address, city, state, and phone number;

(b)    to a person who is a corporation, firm, partnership, association, joint venture, trust, estate or any other form of organization or legal entity or to a governmental agency (including any department, unit, or subdivision thereof) means to state its full name and present or last known pertinent business street address, city, state, and phone number;

(c)    to a communication, means to state the substance of the communication, the date or which the communication occurred, and the name of each person who was either a participant in the communication or was present when said communication occurred.

7.    "Relating to," "Referring to" or "Pertaining to" shall mean in any way concerning, constituting, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, substantiating, qualifying, negating or refuting, unless qualified by word of limitation.

8.    "Communication" means any conveyance or transfer of any information from one person to another by any means or in any form. This includes, but is not limited to, all types of documents, oral communications, and electronic communications.

9.    "Health Care Provider" includes any physician, psychologist, psychiatrist, counselor, therapist, doctor or other person who provided you with any medical and/or mental health or emotional treatment.

10.    "Statement" includes any written or graphic statement signed or otherwise adopted or proved by the person making it, and any stenographic, mechanical, electrical, or other record or transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

11.    "Documentation" or "documents" includes, but is not limited to, the following items whether printed or recorded or reproduced by any other mechanical process or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, schedules, charts, graphs, worksheets, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, tape recordings, disc, data sheet or data processing card, any marginal comments appearing on any document or thing or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Plaintiff or agents, representatives or attorney will have or have had access, including e-mails.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH

Deputy Attorney General for Litigation

JEFF L. ROSE
Chief General Litigation Division

_____  TX Bar No 24046058
                              for :
TERENCE L. THOMPSON
Assistant Attorney General
Texas Bar No. 19943700
Southern District I.D. No. 26689
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2120
(512) 320-0667 [fax]

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent via certified

mail, return receipt requested on this the _23_ day of November, 2005, to:

Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521


_____  for
TERENCE L. THOMPSON
Assistant Attorney General

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:**

Produce all oral, written and electronic communications between you and Defendants Gomez, and/or Althoff, and/or Lozano and/or Garza concerning this suit or the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST NO. 2:**

Produce copies of your notes, journals, and/or diaries, or documentation of any kind made during, or in response to any disciplinary meeting or counseling session you may have been a participant to while employed at TSTC.

**REQUEST NO. 3:**

Produce all oral, electronic, or written statements made by plaintiff or his representatives concerning this suit or the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST NO. 4:**

Produce all oral, written and electronic communications, including e-mails that show plaintiff has satisfied all legal prerequisites to bring this suit.

**RESPONSE:**

**REQUEST NO. 5:**

Produce a copy of all statements, declarations, or admissions in any form, including any e-mails, which you or your attorney have obtained from any individual pertaining to the facts of this lawsuit.

**RESPONSE:**

**REQUEST NO. 6:**

Produce copies of your notes, journals, and/or diaries, or documentation of any kind reflecting that defendants allegedly retaliated against you or in any way treated you differently than other employees.

**RESPONSE:**


**REQUEST NO. 7:**

Produce all oral, written and electronic communications, including e-mails that show the form and content of the speech that is the basis of this lawsuit.

**RESPONSE:**



**REQUEST NO. 8:**

Produce all oral, written and electronic communications between plaintiff and others concerning plaintiff's alleged expression of concern regarding his termination and refusal to rehire because plaintiff spoke out on and reported on a number of issues that he alleged to be protected speech and constituted "constitutionally protected "whistle-blowing" as a form of free speech" as set out in Paragraph 11 of Plaintiff's Complaint.

**RESPONSE:**


**REQUEST NO. 9:**

Produce all oral, written and electronic communications between plaintiff and others concerning plaintiff's alleged expression of concern regarding his right to associate with other faculty members without the fear of illegal retaliation as set out in Paragraph 11 of Plaintiff's Complaint.

**RESPONSE:**

**REQUEST NO. 10:**

Produce all oral, written and electronic communications between plaintiff and others concerning plaintiff's alleged expression of concern regarding his right to grieve as set out in Paragraph 11 of Plaintiff's Complaint.

**RESPONSE:**

**REQUEST NO. 11:**

Produce all oral, written and electronic communications, including e-mails that evidence plaintiff's contention that the alleged adverse employment action taken against plaintiff was in retaliation for plaintiff having exercised his free speech as set out in Paragraph 9 of Plaintiff's Complaint.

**RESPONSE:**

**REQUEST NO. 12:**

Produce all oral, written and electronic communications, including e-mails supporting plaintiff's contention that plaintiff's speech was a substantial and motivating factor in Defendants' decision to "demote" and ultimately terminate Plaintiff as alleged in Paragraph 9 of Plaintiff's Complaint.

**RESPONSE:**

**REQUEST NO. 13:**

Produce all oral, written and electronic communications, including e-mails, between plaintiff and others that describe the actions, conduct, or measures taken by defendants in response to plaintiff's speech.

**RESPONSE:**

**REQUEST NO. 14**:

Produce all oral, written and electronic communications, including e-mails supporting plaintiff's contention that plaintiff's exercise of his protected rights of association was a substantial and motivating factor in Defendants' decision to "demote" and ultimately terminate Plaintiff as alleged in Paragraph 9 of Plaintiff's Complaint.

**RESPONSE:**


**REQUEST NO. 15**:

Produce all oral, written and electronic communications, including e-mails supporting plaintiff's contention that plaintiff's exercise of his protected rights of "Whistle Blowing" was a substantial and motivating factor in Defendants' decision to "demote" and ultimately terminate Plaintiff as alleged in Paragraph 9 of Plaintiff's Complaint.

**RESPONSE:**


**REQUEST NO. 16**:

Produce all oral, written and electronic communications, including e-mails, between plaintiff and others that describe the actions, conduct, or measures taken by defendants in response to plaintiff's alleged "Whistle Blowing".

**RESPONSE:**


**REQUEST NO. 17**:

Produce all oral, written and electronic communications, including e-mails, between plaintiff and others that describe the actions, conduct, or measures taken by defendants in response to plaintiff's "constitutionally right to associate".

**RESPONSE:**

**REQUEST NO. 18:**

Produce copies of your notes, journals, and/or diaries, or documentation of any kind reflecting that defendants retaliated against you.

**RESPONSE:**


**REQUEST NO. 19:**

Produce a copy of your current resume.

**RESPONSE:**


**REQUEST NO. 20:**

Produce copies of any and all correspondence, oral, written and electronic, including e-mails, between you and any third party relating to your employment with Texas State Technical College ("TSTC") or to any of your claims made the basis of this suit.

**RESPONSE:**


**REQUEST NO. 21:**

Produce all documents which evidence any incident in which you were subjected to the retaliation during your employment with Defendant TSTC.

**RESPONSE:**


**REQUEST NO. 22:**

Produce copies of all documents which evidence any damages or injuries you have suffered as a result of defendants' alleged actions.

**RESPONSE:**

**REQUEST NO. 23:**

Produce all employment records for the past 6 years including, in particular, any records relating to the fact and duration of unemployment, records of workmen's compensation, unemployment insurance, welfare, and applications for assistance from any governmental agency because of unemployment or ill health.

**RESPONSE:**


**REQUEST NO. 24:**

Produce all documents describing or reflecting plaintiff's working conditions while employed by defendants.

**RESPONSE:**


**REQUEST NO. 25:**

Produce all documents written or created by employees or agents of defendants which the plaintiff contends supports his allegations of retaliation for having exercised his free speech and his right to association.

**RESPONSE:**


**REQUEST NO. 26:**

Produce all documents from other employees or agents of defendants which the plaintiff contends supports his allegations that defendants acted intentionally to chill Plaintiff speech and rights to associate, and to punish him for exercising these rights as alleged in paragraph 34 of Plaintiff's Original Complaint.

**RESPONSE:**


**REQUEST NO. 27:**

Produce any dairy, daily log, or personal notes you kept while employed at TSTC concerning any actions that were taken by TSTC and/or its officers, agents, employees, and/or investigators.

**RESPONSE:**

**REQUEST NO. 28**

Produce any and all documents that demonstrate the plaintiff's communication with defendants regarding the alleged acts of retaliation prior to the initiation of litigation.

**RESPONSE:**

**REQUEST NO. 29:**

Produce any and all school or educational program records or documents relating to plaintiff, and all documents relating to plaintiff's work skills, and/or plaintiff's ability to perform the various tasks associated with his job at TSTC.

**RESPONSE:**

**REQUEST NO.30:**

Produce any and all records and receipts for all costs plaintiff has paid to bring and maintain this legal action, including a true and correct copy of any contract and/or fee agreement with your attorney of record.

**RESPONSE:**

**REQUEST NO. 31:**

Produce all documents relating to your attempts to obtain interim or permanent employment following the time you left employment with TSTC, including, but not limited to, your employment applications, resumes, curricula vitae, reference letters, correspondence, notes, memoranda, and other documents to or from prospective employers relating to job interviews, job applications, preemployment tests, registration with any private or governmental employment agencies, and your telephone logs, job search files and records, expense receipts, offers of part-time or full time employment and/or rejections of applications for or offers of employment.

**RESPONSE:**

**REQUEST NO. 32:**

Please produce all documents relating to all employment compensation and other income (including without limitation any self-employment compensation, revenues from investments, interest, settlements, judgments, and gifts) since the end of your employment at TSTC, including, but not limited to, documents concerning job title, job status, rate of pay, pay stubs and vouchers,

descriptions of jobs held or work performed, employee handbooks and benefit statements of each employer, documents relating to any self-employment or independent contracting, and documents relating to insurance payments and benefits, health benefits, retirement, stock, or other benefits or compensation in any form to be paid to or received by you or your heirs, regardless of whether those benefits were actually obtained, and all other documents showing income, gifts, or benefits obtained from any source.

**RESPONSE:**


**REQUEST NO. 33:**

Please produce copies of all lawsuits you have ever filed with any state or federal court, as well as all final determinations and/or judgments issued in such lawsuits.

**RESPONSE:**


**REQUEST NO. 34:**

Produce all financial statements, loan and/or other credit applications and other similar financial documents made by you since leaving employment with TSTC.

**RESPONSE:**


**REQUEST NO. 35:**

Produce an executed (by you) Authorization For Release of Records and Privileged Psychological, Medical, and Psychiatric Information (form attached).

**RESPONSE:**


**REQUEST NO. 36:**

Please produce all documents pertaining to the identity and location (name, address, telephone number) of persons having knowledge of relevant facts concerning any claims or defenses that have been asserted by either party in this lawsuit.

**RESPONSE:**

**REQUEST NO. 37:**

Please produce all documents that you have supplied to any person whom you or your attorney may call as a fact witness during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 38:**

Produce all documents reflecting Plaintiff's job assignment, job performance, benefits and/or pay rates while employed by TSTC.

**RESPONSE:**

**REQUEST NO. 39:**

Produce a true and correct copy of the Plaintiff's drivers license.

**RESPONSE:**

**REQUEST NO. 40:**

Produce a true and correct copy of the Plaintiff's social security card.

**RESPONSE:**

**REQUEST NO. 41:**

Produce all documents regarding any medicine prescribed for Plaintiff by any medical doctor or any other medical practitioner within a five year period before the incident made the basis of Plaintiff's suit.

**RESPONSE:**

**REQUEST NO. 42:**

Produce the names and addresses and telephone numbers for all medical providers who treated Plaintiff during the five year period before the incident made the basis of Plaintiff's suit.

**RESPONSE:**


**REQUEST NO. 43:**

Please produce copies of all grievances, claims, complaints and/or lawsuits of alleged unfair treatment, harassment, discrimination or retaliation you have ever filed with any employer; federal, state, or local governmental agency; or with any state or federal court, as well as all decisions, rulings or conclusions reached with regard to such grievances, claims, complaints and/or lawsuits, as well as all "right to sue" letters issued.


**RESPONSE:**


**REQUEST NO. 44:**

Please provide copies of all results of any and all investigations made in response to any complaints you have filed pursuant to Defendants' internal complaint procedures regarding the incidents made the basis of this suit.

**RESPONSE:**


**REQUEST NO. 45:**

Please produce a copy of all hospital bills, doctor bills, drug bills, and other incidental medical and/or psychiatric or psychological and /or counseling expenses claimed by you in this suit as damages.

**RESPONSE:**


**REQUEST NO. 46:**

Please produce copies of any and all contracts, fee arrangements and/or other agreements between you and your attorney(s) in this lawsuit and/or between you and/or your attorney(s) and any other "person" with regard to the payment of attorney's fees and/or any other consideration to be paid to your attorney(s) for representing you in this matter.

**RESPONSE:**

**REQUEST NO.  47:**

Please produce all documents as to why you think you were "demoted" to instructor as alleged in paragraph 14 of your Original Complaint.

**RESPONSE:**


**REQUEST NO.  48:**

If you believe that you were more qualified than Larry Alexander for the position of Program Chairman at South Texas Community College, please produce all documents to support that belief.

**RESPONSE:**


**REQUEST NO.  49:**

Produce all oral, written and electronic communications, including e-mails regarding your promotion to Program Chair as asserted in paragraph 18 of your Original Complaint.

**RESPONSE:**


**REQUEST NO.  50:**

Please produce all documents which support your contention that you were again "demoted" to instructor and replaced by John Hagle as alleged in paragraph 19 of your Original Complaint.

**RESPONSE:**


**REQUEST NO.  51:**

Produce a copy of the letter referenced in paragraph 22 of your Original Complaint and any responses you received to that letter from Faculty Senate or the Campus Administration.

**RESPONSE:**

**REQUEST NO. 52:**

Produce a copy of the non-renewal letter referenced in paragraph 25 of your Original Complaint.

**RESPONSE:**


**REQUEST NO. 53:**

Please produce all oral, written and electronic communications, including e-mails between you and Texas Faculty Association relating to, referring to, pertaining to any claim you have made the basis of this lawsuit

**RESPONSE:**


**REQUEST NO. 54:**

Please produce all oral, written and electronic communications, including e-mails between Defendants and Texas Faculty Association relating to, referring to, pertaining to any claim you have made the basis of this lawsuit.

**RESPONSE:**


**REQUEST NO. 55:**

Please produce all oral, written and electronic communications, including e-mails between Texas Faculty Association and any other third party relating to, referring to, pertaining to any claim you have made the basis of this lawsuit.

**RESPONSE:**


**REQUEST NO. 56:**

Please produce all oral, written and electronic communications to support any Whistle Blowing claim or allegation you may have relating to, referring to, pertaining to any claim you have made the basis of this lawsuit.

**RESPONSE:**

## AUTHORIZATION FOR RELEASE OF RECORDS AND PRIVILEGED PSYCHOLOGICAL, MEDICAL, AND PSYCHIATRIC INFORMATION

TO WHOM IT MAY CONCERN:

I hereby authorize the release of all records and information pertaining to my psychiatric, psychological and/or physical condition to the Office of the Attorney General of Texas. This authorization includes the release of all medical records and all other information regarding the treatment, hospitalization, and/or outpatient care from all physicians and medical professionals ("providers") who have treated the undersigned and from all hospitals, clinics, counseling centers, and/or institutions ("providers") where such treatment was provided. Information authorized for release includes all medical, psychiatric, psychological, counseling, and social service records, reports, correspondence, information, and tangible things concerning my diagnosis, examination, evaluation, history, and treatment for any and all physical or mental illnesses, as well as all pharmacy records regarding my prescription drugs or medications.

I authorize all providers to verbally disclose information both in trial and in deposition (oral and on written questions) with regard to my treatment and my mental, emotional, and physical condition. I also authorize the release of all information and records form public or private schools, medical or mental health institutions, or such other institutions, all medical and psychiatric or mental health records, notes nursing sheets, hospitalization records, physician notes and prescriptions and any other type of reports or record maintained by any of the above institutions. Such records should be released immediately upon request by the Office of the Attorney General.

A copy of this authorization bearing my signature shall be as valid as the original.

SIGNED this the _____ day of _____, 2005.


_____
JON P. HARRISON

_____
Address

_____
Social Security Number

_____
Date of Birth

STATE OF TEXAS                    §
                                 §
COUNTY OF _____         §


SUBSCRIBED AND SWORN TO BEFORE ME by _____ on the _____
day of _____,2005, to certify which witness my hand and official seal.


                                    _____
                                    Notary Public, State of Texas

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JON P. HARRISON                          §
                                         §
vs.                                      §          CA. B-04-096
                                         §
TEXAS STATE TECHNICAL                    §
COLLEGE, et al.                          §

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS

TO ALL CURRENT AND FORMER EMPLOYERS:

This will authorize you to furnish to the Office of the Attorney General or any of its representatives all information relative to my employment, including, but not limited to, applications(s) for employment; resumes; performance reviews; job descriptions; salary history; applications(s) for insurance benefits; W-2(s); W-4(s); disciplinary and/or recognition records; worker's compensation notices; personnel records; employee benefit records; medica information, including physicals, work releases, etc.; attendance records, and any other documents evidencing my employment with your company.

This authorization is to be used in connection with a lawsuit filed by me. The records obtained using this authorization may be used as evidence in the trial of the lawsuit. I request that you deliver such records immediately upon presentation of this letter or a copy thereof. A photocopy of this authorization is effective to authorize release of the records requested.

Any person, firm, or entity releasing matters pursuant to this authorization is hereby released from any liability for doing so.

SIGNED this the _____ day of _____, 2005.


_____
JON P. HARRISON


_____
Date of Birth


_____
Social Security Number

STATE OF TEXAS
COUNTY OF _____

      SUBSCRIBED AND SWORN TO BEFORE ME by _____
on the _____ day _____, 2005, to certify which witness my hand and official
seal.

 

                                        _____
                                        Notary Public, State of Texas