IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JON P. HARRISON | § § § | |
| VS. | § | CA. B-04-096 |
| | § | |
| TEXAS STATE TECHNICAL COLLEGE, et al. | § § § § | |

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION
## TO DEFENDANT

TO: Texas State Technical College, et al, Defendants by and through their attorney of record:
Terence L. Thompson, Asst Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Via telefax: 512/320-0667 and Certified Mail, Return Receipt Requested

Jon P. Harrison, Plaintiff submits his Request for Production of Documents to Texas State Technical College et al., Defendants. In accordance with the parties' stipulation, the responses to these Discovery Requests are due to the undersigned no later than thirty (30) days after the service of these Discovery Requests. With regard to the request for production, production of responsive documents should take place in the office of the Defendants' Counsel on or before thirty days after service.

documents should take place in the office of the Defendants' Counsel on or before thirty days after service.

### (A) DEFINITIONS AND INSTRUCTIONS

As used in this discovery request, the fully CAPITALIZED terms have the following meanings:

COMMUNICATION and COMMUNICATE includes any instance in which
information is conveyed by or between one or more PERSONS by written or oral contacts of any kind, including telephone calls, transmission of DOCUMENTS by any means, electronic transmissions, recorded information by any and all means, computer transmissions, including but not limited to email, and face-to-face meetings.

DEFENDANT means any PERSON so named in the COMPLAINT.

DOCUMENT means all writings in any form or by any means or instruments, recordings and photographs, as defined in Rule 1001 of the Federal Rules of Evidence, in YOUR possession, custody or control or known by YOU to exist.

IDENTIFY or IDENTITY, referring to a natural PERSON includes, and means to state:
    a. Their full name(s), legal or AKA;
    b. Their last known residential ADDRESS, telephone number, cell phone number, fax number, beeper number, and email address;
    c. Their last known occupation, title and employer, and dates of employment;
    d. Their last known business ADDRESS, telephone number, cell phone number, beeper number, fax number, and email address;
    e. Their relationship with YOU.

IDENTIFY or IDENTITY, referring to any other PERSON includes, and means to state:
    a. Its full name(s), legal or AKA;
    b. Its legal form and place of organization;
    c. The last known ADDRESS, telephone number, fax number, email address, and website of its principal office;
    d. Its primary business or activity;
    e. The names and titles of the officers or directors, if any.

IDENTIFY or IDENTITY referring to a DOCUMENT or thing includes, and means to:
    a. State its title, number or other distinguishing feature;
    b. Describe its physical form and how many pages it contains;
    c. State the date it bears;
    d. State the date it was prepared;
    e. Describe its subject matter and substance in detail;
    f. IDENTIFY the last known LOCATION and DATE and custodian of it and of its original

and;
   g. IDENTIFY any PERSON who prepared it and the date it was prepared;
   h. IDENTIFY any PERSON who transmitted it and the date it was transmitted;
   i. IDENTIFY any PERSON who received it and the date is was received;
   j. IDENTIFY any PERSON who read it and the date it was read;
   k.   Describe which portions of it YOU read and relied upon.
   l. IDENTIFY the person(s) by name and title who signed or initialed the DOCUMENT and the DATE the person signed or initialed the it.

IDENTIFY or IDENTITY referring to a COMMUNICATION includes and means to:
   a. State the date, time and LOCATION it occurred;
   b. State its subject matter and substance;
   c. State whether it was in written, oral, documentary, telephonic, face-to-face, electronic or other form;
   d. IDENTIFY any and all PERSONS who were involved with or witnessed it and describe in detail their participation including the substance of what each person said, did or communicated.
   e. IDENTIFY any DOCUMENT or COMMUNICATION relating to it.

PERSON means a natural person as well as all types of business, fictitious, governmental and public entities.

PLAINTIFF means Jon P. Harrison, his agents and anyone else acting on his behalf.

POLICY means a rule, procedure or directive, formal or informal, written or unwritten, and includes each common practice, custom and understanding of course of conduct recognized and accepted as such by YOU or by PERSONS subject to it.

WRONGFUL ACTS means the improper, tortious, or illegal actions or conduct which the COMPLAINT alleges harmed PLAINTIFF, but this special meaning applies only to the factually identified actions or conduct alleged in the COMPLAINT and to no others.

YOU and YOUR means the above-named "Responding Party" and includes your agents, employees, attorneys, advisors, and any other PERSON acting on your behalf.

When construing any words or terms used herein, unless otherwise indicated:

   a. The singular includes the plural and vice versa;
   b. Masculine, feminine or neuter gender include each other;
   c. Past, present or future tense includes the other tenses;
   d. The disjunctive includes the conjunctive and vice versa;
   e. "and" includes "or" and vice versa;
   f. "any" includes "all," "each" and "every" and vice versa;
   g. "refer" includes "relate" and "concern" and vice versa.

Your written request to each request should, if applicable:

(a) State that a requested DOCUMENT(S) does not exist;
(b) IDENTIFY each requested DOCUMENT(S) withheld due to any assertion of privilege, and state all foundational facts you contend justify your assertion with enough facts to uniquely identify a DOCUMENT withheld based on attorney-client or work product privilege;
©) State that a DOCUMENT is not in YOUR possession, custody or control, describe in detail YOUR efforts to locate it, state its LOCATION and IDENTIFY who has control;
(d) IDENTIFY the source of each DOCUMENT you produce;
(e) IDENTIFY all facts regarding any requested DOCUMENT that was destroyed and the circumstances of its destruction and the date of its destruction.

If you request herein to produce "each/all/every DOCUMENT..." applies to numerous non-substantive items (e.g. A litigation file containing many proofs of services and strictly procedural items) you can produce the individual substantive items and just briefly describe the others as a group, but it must be clear you did so.

If any request herein to produce "each/all/every DOCUMENT..." applies to a large number of strictly repetitive or redundant items you can produce only the most complete or representative items and just briefly describe the others as a group. However, you must state that you did this and you must specifically certify that all information in the omitted group is present in no less accessible form in the DOCUMENTS you produce.

                                              Respectfully submitted,
                                              LAW OFFICE OF MIGUEL SALINAS

By _____
MIGUEL SALINAS
Attorney in charge
FEDERAL I.D. NO. 15171
STATE BAR NO. 17534750
803 Old Port Isabel Road
Brownsville, Texas 78521
956/550-1115 Telephone
956/550-1134 Telefax

## CERTIFICATE OF SERVICE

    I, Miguel Salinas, hereby certify that a true and correct copy of Plaintiff Jon P. Harrison's Request for Production of Documents and First Set of Interrogatories has been sent on this 29th day of December, 2005, on Defendants' TSTC et al., through the following attorney in charge:

Terence L. Thompson, Asst Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Via telefax: 512/320-0667 and Certified Mail, Return Receipt Requested

_____
MIGUEL SALINAS

PLAINTIFF HARRISON'S REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1: Please produce GroupWise computer software installation media (and instructions for installing it) which would allow reading of archived emails produced or received under the GroupWise system.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2: Please produce all emails addressed to or from Jon P. Harrison for the period from October 31, 1998 to August 31, 2000.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3: Please produce all Texas State Technical College emails that mention Jon P. Harrison during the period October 31, 1998 to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 4: Please produce all Texas State Technical College non-email internal correspondence that mentions Jon P. Harrison during the period October 31, 1998 to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 5: Please produce any and all tape recordings the administration has in its possession, which contain conversations with or about Jon P. Harrison.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6: Please produce any and all emails or Texas State Technical College internal correspondence which discuss unions or the Texas Faculty Association.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7: Produce all supervisor and peer evaluations relating to Jon Harrison.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8: Produce all police reports and officer field notes relating to Jon Harrison.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9: Produce all "internal grievances" presented by Jon Harrison to any employee or administrator of Texas State Technical College.

RESPONSE:

REQUEST FOR PRODUCTION NO. 10: Produce all incident reports, disciplinary notes, or memoranda relating to Jon Harrison.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11: Produce a true copy of the transcript, if any, and the tape recordings made of any meeting of the Board of Regents, including executive sessions and committee meetings, in which the subject of instructor workloads is mentioned.

RESPONSE:

REQUEST FOR PRODUCTION NO. 12: Produce a true copy of the transcript, if any, and the tape recordings made of any meeting of the Board of Regents, including executive sessions and committee meetings, in which the subject of unions is mentioned.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13: Produce a true copy of the transcript, if any, and the tape recordings made of any meeting of the Board of Regents, including executive sessions and committee meetings, in which the subject of faculty continuing professional education is mentioned.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14: Produce a true copy of the transcript, if any, and the tape recordings of the unemployment compensation hearing relating to Jon Harrison and Texas State Technical College.

RESPONSE:

REQUEST FOR PRODUCTION NO. 15: Produce tape recordings, transcripts, minutes and agendas of all Board of Regents meetings, including executive sessions and committee meetings, in which the name of Jon Harrison is mentioned.

RESPONSE:

REQUEST FOR PRODUCTION NO. 16: Produce all policies relating to hiring of faculty at Texas State Technical College between 1998 and the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17: Produce all policies relating to firing or "non-renewal" of faculty at Texas State Technical College between 1998 and 2002.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18: Produce the SAC report relating to Texas State Technical College for 1997, 1998, 1999, 2000, 2001, and 2002.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19: Produce the report of the Federal Mediation and Conciliation Service commissioned by Texas State Technical College to review management/employee relations between the administration and employees of TSTC, including but not limited to TSTC—Harlingen.

RESPONSE:

REQUEST FOR PRODUCTION NO. 20: Produce minutes, agendas, tapes and transcripts of all Faculty Senate meetings September 1, 2001, through the date of this request.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21:   Produce the Employee Handbook for Texas State Technical College in effect in 1998, 1999, 2000, 2001 and 2002.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22:   Produce all police reports and officer field notes relating to complaints filed by or against the following:

    J. Gilbert Leal
    Pat Hobbs
    Zulema Garza
    Leonel Gomez

RESPONSE:

REQUEST FOR PRODUCTION NO. 23: Produce all documents relating to the investigation of Jon Harrison's internal complaints.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24: Produce all documents relating to the investigation of Jon Harrison's TCHR complaints.

RESPONSE:

REQUEST FOR PRODUCTION NO. 25: Produce documents that tend to discredit or impeach J. Gilbert Leal.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26: Produce documents that tend to discredit or impeach Pat Hobbs.

RESPONSE:

REQUEST FOR PRODUCTION NO. 27: Produce documents that tend to discredit or impeach Zulema Garza.

RESPONSE:

REQUEST FOR PRODUCTION NO. 28: Produce documents that tend to discredit or impeach Leonel Gomez.

RESPONSE:

REQUEST FOR PRODUCTION NO. 29: Produce all documents relating to any "confrontation" in which Jon Harrison was allegedly involved.

RESPONSE:

REQUEST FOR PRODUCTION NO. 30: Produce all student evaluations of Jon P. Harrison.

RESPONSE:

REQUEST FOR PRODUCTION NO. 31: Produce all classroom evaluations of Jon P. Harrison, including all associated notes, exhibits, or correspondence.

RESPONSE:

REQUEST FOR PRODUCTION NO. 32: Produce the documents retention policy of Texas State Technical College.

RESPONSE:

REQUEST FOR PRODUCTION NO. 33: Produce the job description for the instructional position held by Jon Harrison, including any job description changes made subsequent to Jon Harrison's departure from that position.

RESPONSE:

REQUEST FOR PRODUCTION NO. 34: Produce all faculty surveys from September 1, 1999, through the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 35: Regarding the position filled by Antonio Lozano in 2001, produce:

a. A copy of all advertising of the position;
b. Copies of all emails and correspondence relating to the position;
c. Criterion for the job when first announced.
d. Recommendations from the search committee.
e. Revised criterion for the job.
f. Report of the hiring committee.
g. Applications of the four top applicants for the job.

RESPONSE:

REQUEST FOR PRODUCTION NO. 36: Produce copies of all documents of any kind or form whatsoever relating to the work product of any consulting expert whose work will provide the basis, in whole or in part, of the testimony of any expert who will testify as a witness in this case, including but not limited to, documents evidencing, substantiating, referring or relating to:

a. Each expert's factual observations and opinions;
b. The subject matter on which each expert was consulted;
c. A summary of grounds of each opinion;
d. All documents prepared by, provided to, relied upon, or reviewed by any such expert;
e. All documents provided to you by each expert, including but not limited, to reports, summaries and correspondence;
f. Documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, billing by the expert to date, the amount currently owed to the expert, and the amount paid to the expert to date; and
g. A resume or curriculum vitae or other documents summarizing each expert's qualifications within the field or discipline or area in which such expert was consulted.

RESPONSE:

REQUEST FOR PRODUCTION NO. 37: Produce any and all documents reflecting insurance policies and/or coverage you have for any liability arising from employment practices, including all indemnification agreements, notice of claim(s) provided to any carriers and any subsequent communication concerning coverage, TASB agreements, Employer Practices Liability Insurance, or other professional association policies, which may provide coverage for any liability arising from employment practices, including in your response any communications regarding "reservation of rights" by any such carrier.

RESPONSE:

REQUEST FOR PRODUCTION NO. 38: Produce lists or other documents reflecting the name, last known residential address and gender, race, ethnicity and age of all employees who were employed by you during Plaintiff's employment, and dates of employment of each.

RESPONSE:

REQUEST FOR PRODUCTION NO. 39: Produce all employment records relating in any way to the Plaintiff, both prior to, during and subsequent to employment with you, including:

1. Records relating to the fact and duration of unemployment, records of worker's compensation, unemployment insurance, welfare and applications for assistance form any governmental agency because of unemployment or ill health;

2. Records relating to evaluation or appraisal of work performance, disciplinary action or discharge; and

3. Records relating to grievances or employment-related complaints.

RESPONSE:

REQUEST FOR PRODUCTION NO. 40: Produce all documents given or provided by you to the Plaintiff prior to, during and after employment with you.

RESPONSE:

REQUEST FOR PRODUCTION NO. 41: Produce the personnel handbook or policy manual and all documents reflecting your personnel practices and policies, including any manuals and departmental policies created or used by Plaintiff's supervisors pertaining to the management of your employees.

RESPONSE:


REQUEST FOR PRODUCTION NO. 42: Produce copies of all policies and procedures concerning orienting and training employees, grievances, employee complaints, sexual harassment, discrimination, anti-retaliation provisions and all other personnel policies and procedures governing conduct and behavior of your employees, along with the dates that said policies, procedures or guidelines were put into effect and the date said policies were distributed to Plaintiff and all defendants.

RESPONSE:


REQUEST FOR PRODUCTION NO. 43: Produce all documents reflecting the policies, procedures and criteria for orienting, assigning, training, assisting, handline the complaints of, locating, evaluating, transferring, giving supervisory duties, promoting, increasing salary, disciplining, laying off, and discharging employees.


RESPONSE:


REQUEST FOR PRODUCTION NO. 44: Produce all documents reflecting the rate of pay and any and all changes in rate of pay for each and every employee in Plaintiff's department from September 1, 2001 through present.


RESPONSE:


REQUEST FOR PRODUCTION NO. 45: Produce all documents reflecting benefits, including but not limited to health, welfare, pension, vacation and sick leave, that were available to Plaintiff, including all costs for such benefits and whether paid by you or by the employee, in 2001.


RESPONSE:


REQUEST FOR PRODUCTION NO. 46: Produce all documents pertaining to any meetings, discussions, encounters, and conversations, whether private or public, that Plaintiff had with any of the defendants, or that any defendant had with others regarding Plaintiff:
        a. Regarding contemplated and actual disciplinary actions of Plaintiff;
        b. Regarding complaints and conduct of harassment or discrimination; and,

  c. Regarding complaints and conduct of retaliation for complaining of harassment or discrimination.

RESPONSE:

REQUEST FOR PRODUCTION NO. 47: Produce any and all documents regarding internal or external investigations prepared as part of your routine personnel practices pertaining to Plaintiff, including all documents that you provided to or received from the Equal Employment Opportunity Commission, the Texas commission on Human Rights and/or the Texas Workforce Commission, Civil Rights Division, and/or the Texas Workforce Commission regarding Plaintiff.

RESPONSE:

REQUEST FOR PRODUCTION NO. 48: Produce all investigative files and other documents related to any complaints or charges against you by any current or former employee, including but not limited to documents by any discharged, retired or resigned employee reflecting or relating to allegations or complaints of discrimination, harassment or retaliation.

RESPONSE:

REQUEST FOR PRODUCTION NO. 49: Produce copies of any and all petitions, complaints, judgments or other documents filed in any lawsuits in which you are, or have been, named a party in any capacity relating to discrimination, retaliation, harassment or violation of civil rights.

RESPONSE:

REQUEST FOR PRODUCTION NO. 50: Produce copies of any and all internal complaints, charges of discrimination with the Equal Employment Opportunity Commission, the Texas Commission on Human Rights, the Texas Workforce Commission, Civil Rights Division, or the U. S. department of Labor, or written memoranda or letters of complaint by any current or former employee, or applicant for employment, alleging that you discriminated against them due to their sex, national origin, race and/or age, retaliated against them or alleged that your behavior toward them was improper.

RESPONSE:

REQUEST FOR PRODUCTION NO. 51: Produce all documents of any kind or form whatsoever related to or evidencing any claims and/or complaints concerning conduct similar to that claimed by Plaintiff.

RESPONSE:

REQUEST FOR PRODUCTION NO. 52: Produce all documents of any kind or form whatsoever relating to or evidencing any affirmative defense raised by you or any other Defendant in this case.

RESPONSE:

REQUEST FOR PRODUCTION NO. 53: Produce all documents submitted by defendants to the Texas Workforce Commission regarding Jon Harrison.

RESPONSE:

REQUEST FOR PRODUCTION NO. 54: Produce all documents submitted by defendants to the U.S. Equal Employment Opportunity Commission and/or the Texas Commission on Human Rights regarding Jon Harrison.

RESPONSE:

REQUEST FOR PRODUCTION NO. 55:   Produce all liability insurance policies held by each and every individual defendant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 56:   Produce all life insurance policies held by each and every individual defendant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 57:   Produce all home mortgage insurance policies held by each and every individual defendant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 58: Produce all professional association(s) Insurance policies held by each and every individual defendant, including but not limited to teachers' association and administratives' associations.

RESPONSE:

REQUEST FOR PRODUCTION NO. 59: Produce copies of any and all insurance policies held by Texas State Technical College.

RESPONSE: