IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JON P. HARRISON | § | |
| | § | |
| vs. | § | CA. B-04-096 |
| | § | |
| TEXAS STATE TECHNICAL | § | |
| COLLEGE, et al. | § | |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

TO:   JON P. HARRISON, Plaintiff, by and through his attorney of record Truman W. Dean, Jr., Law Office of Truman Dean, P.C., P.O. Box 2826, McAllen, TX 78501

Texas State Technical College ("TSTC"), and Defendants Dr. J. Gilbert  Leal ("Leal"), Pat

Hobbs ("Hobbs"), Zulema Garza ("Garza"), and Leonel Gomez ("Gomez"), serve the following

Objections and Responses to Plaintiff Harrison's First Request for Production of Documents.

### General Objections

DEFINITIONS AND INSTRUCTIONS

Defendants generally object to the following definitions and instructions:

The definition of DOCUMENTS is overbroad and not consistent with the Federal Rules of Civil Procedure, specifically as it includes documents known to exist but not in the possession or under the control of the responding party.

Although the Request for Production does not use the term IDENTIFY in its text, Defendants object to all definitions that include this term as unduly onerous, burdensome, and expensive, and not consistent with the requirements of the Federal Rules of Civil Procedure.

The definition of POLICY is overbroad, vague and ambiguous, and is not consistent with the use of that term by TSTC as related to its business practices.

INSTRUCTIONS

Defendants generally object to the instructions in their entirety as beyond the scope of the duties required of a party responding to a request for production of documents under Federal Rule

of Procedure 34(b), which only requires the responding party to state whether or not inspection and/or copying will be permitted as requested, along with any objections to the requests. As such, no further response will be made at this time, and Defendants object to all other requests or instructions that attempt to compel Defendants to provide further or additional information.

TIME, PLACE AND MANNER FOR PRODUCTION

Defendants object to the production of responsive documents at Plaintiff's counsel's office within 30 days of the date of the First Request for Production of Documents, as this is insufficient time to organize and produce the many requested documents for inspection, particularly given the constraints of the Holiday season. Defendants agree to coordinate a date and location for production of their documents with Plaintiff's counsel. Absent such an agreement, a protective order will be sought.

ATTORNEY-CLIENT AND WORK PRODUCT DOCUMENTS

Defendants object to *all* of the Requests for Production of Documents propounded to them to the extent they call for information which is exempt from discovery under the Federal Rules of Civil Procedure and/or protected by privilege, including but not limited to those privileges and exemptions applicable to attorney-client and party communications, attorney work-product, and investigations in anticipation of litigation. Defendants formally assert these privileges and exemptions. All of these general objections and privileges are asserted in response to each of Plaintiff's Requests for Production of Documents, irrespective of whether or not they are expressly re-urged in response to each respective Request for Production.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NUMBER 1:

Please produce GroupWise computer software installation media (and instructions for installing it) which would allow reading of archived emails produced or received under the GroupWise system.

### RESPONSE:

Defendants object to this Request as overbroad and unnecessary and as a likely violation of the contractal agreements between TSTC and its Group Wise vendor, if any. Further, Defendant TSTC will not allow Plaintiff direct access to its email system, if that is the purpose of this Request.

No documents responsive to this Request will be produced.

### REQUEST FOR PRODUCTION NO. 2:

Please produce all emails addressed to or from Jon P. Harrison for the period from October 31, 1998 to August 31, 2000.

### RESPONSE:

Defendants object to this Request as overbroad, especially in that it is not limited at all by subject matter, and as unduly burdensome and expensive and not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced at this time.

### REQUEST FOR PRODUCTION NO. 3:

Please produce all Texas State Technical College emails that mention Jon P. Harrison during the period October 31, 1998 to the present

### RESPONSE:

Defendants object to this Request as overbroad, especially in that it is not limited at all by subject matter, and as unduly burdensome and expensive and not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced at this time.

3

**REQUEST FOR PRODUCTION NO. 4:**

Please production all Texas State Technical College non-email correspondence that mentions Jon P. Harrison during the period of October 31, 1998 to the present.

**RESPONSE:**

Defendants object to this Request as overbroad, especially in that it is not limited at all by subject matter, and as unduly burdensome and expensive and not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all tape recordings the administration has in its possession which contain conversations with or about Jon P. Harrison.

**RESPONSE:**

Defendants surmise that "the administration" refers to TSTC; otherwise, they object to this Request as vague.  Defendants further object to this Request as overbroad in both time and scope of subject matter.

Subject to the foregoing objections, TSTC will produce such recordings, if any, that are not protected from disclosure as attorney work product or as attorney-client privileged, that relate or pertain in any way to the subject matter of this dispute.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all emails or Texas State Technical College internal correspondence which discusses unions or the Texas Faculty Association.

**RESPONSE:**

Defendants object to this Request as overbroad, vague, and ambiguous, and as not limited in time or scope of subject matter, and as unduly burdensome and expensive, and as not likely to lead to the discovery of evidence that is admissible at trial.

No documents will be produced at this time.

4

**REQUEST FOR PRODUCTION NO. 7:**

Produce all supervisor and peer evaluations relating to Jon P. Harrison.

**RESPONSE:**

Defendants object to this Request as vague and ambiguous.

Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all police reports and officer field notes relating to Jon P. Harrison.

**RESPONSE:**

Defendants object to this Request as vague and ambiguous, and overbroad.

Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all "internal grievances" presented by Jon P. Harrison to any employee or administrator of Texas State Technical College.

**RESPONSE:**

Defendants object to this Request as vague and ambiguous, and overbroad.

Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all incident reports, disciplinary notes, or memoranda relating to Jon P. Harrison.

**RESPONSE:**

Defendants object to this Request as vague and ambiguous, and overbroad.

Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

Produce a copy of the transcript, if any, and the tape recordings made of any meeting of the Board of Regents, including executive sessions and committee meetings, in which the subject of instructor workloads is mentioned.

**RESPONSE:**

Defendants object to this Request as vague and ambiguous, and overbroad as to time and subject matter, as unduly burdensome and expensive, and not likely to lead to the discovery of admissible evidence.

Subject to the foregoing objections, TSTC will produce such recordings, if any, that are not protected from disclosure as attorney work product or as attorney-client privileged, that relate or pertain to the subject matter of this dispute.

**REQUEST FOR PRODUCTION NO. 12:**

Produce a copy of the transcript, if any, and the tape recordings made of any meeting of the Board of Regents, including executive sessions and committee meetings, in which the subject of unions is mentioned.

**RESPONSE:**

Defendants object to this Request as vague and ambiguous, and overbroad as to time and subject matter, and as unduly burdensome and expensive.

Subject to the foregoing objections, TSTC will produce such recordings, if any, that are not protected from disclosure as attorney work product or as attorney-client privileged, that relate or pertain to the subject matter of this dispute.

**REQUEST FOR PRODUCTION NO. 13:**

Produce a copy of the transcript, if any, and the tape recordings made of any meeting of the Board of Regents, including executive sessions and committee meetings, in which the subject of faculty continuing professional education is mentioned.

**RESPONSE:**

Defendants object to this Request as vague and ambiguous, and overbroad as to time and subject matter, as unduly burdensome and expensive, and as not likely to lead to the discovery of evidence admissible at trial.

6

Subject to the foregoing objections, TSTC will produce such recordings, if any, that are not protected from disclosure as attorney work product or as attorney-client privileged, that relate or pertain to the subject matter of this dispute.

## REQUEST FOR PRODUCTION NO. 14:

Produce a true copy of the transcript, if any, and the tape recordings of the unemployment compensation hearing relating to Jon P. Harrison and Texas State Technical College.

## RESPONSE:

Responsive documents, if any, will be produced.

## REQUEST FOR PRODUCTION NO. 15:

Produce tape recordings, transcripts, minutes and agendas of all Board of Regents meetings, including executive sessions and committee meetings in which the name of Jon P. Harrison is mentioned.

## RESPONSE:

Defendants object to this Request as vague and ambiguous, and overbroad as to time and subject matter, and as unduly burdensome and expensive.

Subject to the foregoing objections, TSTC will produce such recordings, if any, that are not protected from disclosure as attorney work product or as attorney-client privileged, that relate or pertain to the subject matter of this dispute.

## REQUEST FOR PRODUCTION NO. 16:

Produce all policies relating to hiring of faculty at Texas State Technical College between 1998 and the present.

## RESPONSE:

Written policies will be produced for inspection.

## REQUEST FOR PRODUCTION NO. 17:

Produce all policies relating to firing or "non-renewal" of faculty at Texas State Technical College

7

between 1998 and 2002.

**RESPONSE:**

Written policies will be produced for inspection.

**REQUEST FOR PRODUCTION NO. 18:**

Produce the SAC report relating to Texas State Technical Colelge for 1997, 1998, 1999, 2000, 2001, and 2002.

**RESPONSE:**

Responsive documents, if any, will be produced for inspection.

**REQUEST FOR PRODUCTION NO. 19:**

Produce the report of the Federal Mediation and Conciliation Service commissioned by Texas State Technical College to review management/employee relations between the administration and employees of TSTC, including but not limited to TSTC - Harlingen.

**RESPONSE:**

Defendants surmise that "the administration" refers to TSTC; otherwise, they object to this Request as vague and ambiguous.

Responsive documents, if any, will be produced.

**REQUEST FOR PRODUCTION 20:**

Produce minutes, agendas, tapes and transcripts of all Faculty Senate meetings September 1, 2001, through the date of this request.

**RESPONSE:**

Defendants object to this Request as overbroad as to time and subject matter, as unduly burdensome and expensive, and as not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 21:**

Produce the Employee Handbook for Texas State Technical College in effect in 1998, 2000, 2001, and 2002.

**RESPONSE:**

Responsive documents will be produced for inspection.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all police reports and officer field notes relating to complaints filed by or against the following:

> J. Gilbert Leal
> Pat Hobbs
> Zulema Garza
> Leonel Gomez

**RESPONSE:**

Defendants object to this Request as vague and ambiguous, as overbroad as to time and subject matter, and as not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents relating to the investigation of Jon P. Harrison's internal complaints.
**RESPONSE:**

Defendants object to this Request as vague and ambiguous, and as overbroad as to time and subject matter.

Responsive documents that are not protected from disclosure as attorney work product or as attorney-client privileged will be produced.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents relating to the investigation of Jon P. Harrison's TCHR complaints.

9

**RESPONSE:**

Responsive documents that are not protected from disclosure as attorney work product or as attorney-client privileged will be produced.

**REQUEST FOR PRODUCTION NO. 25:**

Produce documents that tend to discredit or impeach J. Gilbert Leal.

**RESPONSE:**

Defendants object to this Request as vague and ambigous, as overbroad as to time and subject matter, as an impermissible "fishing expedition", and as not properly constituting a category of documents described with reasonable particularity as required by Rule 34.

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

Produce documents that tend to discredit or impeach Pat Hobbs.

**RESPONSE:**

Defendants object to this Request as vague and ambigous, as overbroad as to time and subject matter, as an impermissible "fishing expedition", and as not properly constituting a category of documents described with reasonable particularity as required by Rule 34.

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 27:**

Produce documents that tend to discredit or impeach Zulema Garza.

**RESPONSE:**

Defendants object to this Request as vague and ambigous, as overbroad as to time and subject matter, as an impermissible "fishing expedition", and as not properly constituting a category of documents described with reasonable particularity as required by Rule 34.

No documents will be produced.

**REQUEST FOR PRODUCTION NO. 28:**

Produce documents that tend to discredit or impeach Leonel Gomez.

**RESPONSE:**

Defendants object to this Request as vague and ambigous, as overbroad as to time and subject matter, as an impermissible "fishing expedition", and as not properly constituting a category of documents described with reasonable particularity as required by Rule 34.

No documents will be produced.


**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents relating to any "confrontation" in which Jon P. Harrison was allegedly involved.

**RESPONSE:**

Defendants object to this Request as vague and ambiguous, and as overbroad as to time and subject matter.

Responsive documents that relate or pertain to the subject matter of this dispute will be produced.


**REQUEST FOR PRODUCTION NO. 30:**

Produce all student evaluations of Jon P. Harrison.

**RESPONSE:**

Defendants object to this Request as vague and ambiguous, and as overbroad as to time.

Responsive documents that relate or pertain to the subject matter of this dispute will be produced.


**REQUEST FOR PRODUCTION NO. 31:**

Produce all classroom evaluations of Jon P. Harrison, including all associated notes, exhibits, or correspondence.

11

**RESPONSE:**

Defendants object to this Request as vague and ambiguous, and as overbroad as to time.

Responsive documents that relate or pertain to the subject matter of this dispute will be produced.

**REQUEST FOR PRODUCTION NO. 32:**

Produce the documents retention policy of Texas State Technical College.

**RESPONSE:**

Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 33:**

Produce the job description for the instructional position held by Jon P. Harrison, including any description changes made subsequent to Jon P. Harrison's departure from that position.

**RESPONSE:**

Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all faculty surveys from September 1, 1999, through the present.

**RESPONSE:**

Defendants object to this Request as vague and ambiguous, as overbroad as to time and subject matter, and as not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 35:**

Regarding the position filled by Antonio Lozano in 2001, produce:

a.      A copy of all advertising of the position;
b.      Copies of all emails and correspondence relating to the position;

12

c.     Criterion for the job when first announced;
d.     Recommendations from the search committee;
e.     Revised criterion for the job;
f.     Report of the hiring committee;
g.     Applications of the four top applicants for the job.

**RESPONSE:**

Responsive documents will be produced for inspection

**REQUEST FOR PRODUCTION NO. 36:**

Produce copies of all documents of any kind or form whatsoever relating to the work product of any consulting expert whose work will provide the basis in whole or in part, of the testimony of any expert who will testify as a witness in this case, including but not limited to, documents evidencing, substantiating, referring or relating to:

a.     Each expert's factual observations and opinions;
b.     The subject matter on which each expert was consulted;
c.     A summary of grounds of each opinion;
d.     All documents prepared by, provided by, relied upon, or reviewed by any such expert;
e.     All documents provided to you by each expert, including but not limited, to reports, summaries and correspondence;
f.     Documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, billing by the expert to date, the amount currently owed to the expert, and the amount paid to the expert to date; and
g.     A resume or curriculum vitae or other documents summarizing each expert's qualifications within the field or discipline or area in which such expert was consulted.

**RESPONSE:**

Defendant has not hired consulting experts, and no such documents exist at this time.

**REQUEST FOR PRODUCTION NO. 37:**

Produce any and all documents reflecting insurance policies and/or coverage you have for any liability arising from employment practices, including all indemnification agreements, notice of claims(s) provided to any carriers and any subsequent communication concerning coverage, TASB agreements, Employer Practices Liability Insurance, or other professional association policies, which may provide coverage for any liability arising from employment practices, including in your response any communications regarding "reservation of rights" by any such carrier.

13

**RESPONSE:**

Responsive documents, if any, will be produced.


**REQUEST FOR PRODUCTION NO. 38:**

Produce lists or other documents reflecting the name, last known residential address and gender, race, ethnicity and age of all employees who were employed by you during Plaintiff's employment, and dates of employment of each.

**RESPONSE:**

Defendants object to this Request as overbroad as to time and subject matter, as unduly burdensome and expensive, as an impermissible "fishing expedition", and as not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced.


**REQUEST FOR PRODUCTION NO. 39:**

Produce all employment records relating in any way to the Plaintiff, both prior to, during and subsequent to employment with you, including:

1.    Records relating to the fact and duration of employment, records of worker's compensation, unemployment insurance, welfare and applications for assistance form any governmental agency because of unemployment or ill health;

2.    Records relating to evaluation or appraisal of work performance, disciplinary action or discharge; and

3.    Records relating to grievances or employment-related complaints.

**RESPONSE:**

Responsive documents will be produced.


**REQUEST FOR PRODUCTION NO. 40:**

Produce all documents given or provided by you to the Plaintiff prior to, during and after employment with you.

14

**RESPONSE:**

Defendants object to this Request as overbroad as to time and subject matter, as unduly burdensome and expensive, as an impermissible "fishing expedition", and as not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced.

## REQUEST FOR PRODUCTION NO. 41:

Produce the personnel handbook or policy manual and all documents reflecting your personnel practices and policies, including any manuals and departmental policies created or used by Plaintiff's supervisors pertaining to the management of your employees.

**RESPONSE:**

Defendant objects to this Request as vague and ambiguous, overbroad as to time and subject matter, and as unduly burdensome and expensive.

Written policy manuals and handbooks will be produced in response to other requests.    No additional documents will be produced pursuant to this request.

## REQUEST FOR PRODUCTION NO. 42:

Produce copies of all policies and procedures concerning orienting and training employees, grievances, employee complaints, sexual harassment, discrimination, anti-retaliation provisions and all other personnel policies and procedures governing conduct and behavior of your employees, along with the dates that said policies, procedures or guidelines were put into effect and the date said policies were distributed to Plaintiff and all defendants.

**RESPONSE:**

Defendants object to this Request as overbroad as to time and subject matter, as unduly burdensome and expensive, as an impermissible "fishing expedition", and as not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced.

## REQUEST FOR PRODUCTION NO. 43:

Produce all documents reflecting the policies, procedures and criteria for orienting, assigning,

15

training, assisting, handline the complaints of, locating, evaluating, transferring, giving supervisory duties, promoting, increasing salary, disciplining, laying off, and discharging employees.

**RESPONSE:**

Defendants object to this Request as overbroad as to time and subject matter, as unduly burdensome and expensive, as an impermissible "fishing expedition", and as not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced.


**REQUEST FOR PRODUCTION NO. 44:**

Produce all documents reflecting the rate of pay and any and all changes in rate of pay for each and every employee in Plaintiff's department from September 1, 2001 through present.

**RESPONSE:**

Defendants object to this request as overbroad and unduly burdensome and expensive.

Certain responsive documents related to pay for instructors in Plaintiff's department during this time period will be produced.


**REQUEST FOR PRODUCTION NO. 45:**

Produce all documents reflecting benefits, including but not limited to health, welfare, pension, vacation and sick leave, that were available to Plaintiff, including all costs for such benefits and whether paid by you or by the employee, in 2001.

**RESPONSE:**

Defendants object to this Request as vague and overbroad.

Documents related to Plaintiff's employment benefits during the year 2001 will be produced.


**REQUEST FOR PRODUCTION NO. 46:**

Produce all documents pertaining to any meetings, discussions, encounters, and conversations, wither private or public, that Plaintiff had with any of the defendants, or that any defendant had with others regarding Plaintiff:

16

a.   Regarding contemplated and actual disciplinary actions of Plaintiff;

b.   Regarding complaints and conduct of harassment or discrimination; and,

c.   Regarding complaints and conduct of retaliation for complaining of harassment or discrimination.

**RESPONSE:**

Defendants object to this Request as overbroad as to time and subject matter, as unduly burdensome and expensive, as an impermissible "fishing expedition", and as not likely to lead to the discovery of evidence admissible at trial.

Responsive documents, if any, related to contemplated or actual disciplinary action regarding Plaintiff will be produced.

**REQUEST FOR PRODUCTION NO. 47:**

Produce any and all documents regarding internal or external investigations prepared as part of your routine personnel practices pertaining to Plaintiff, including all documents that you provided to or received from the Equal Employment Opportunity Commission, the Texas Commission on Human Rights and/or the Texas Workforce Commission, Civil Rights Division, and/or the Texas Workforce Commission regarding Plaintiff.

**RESPONSE:**

Defendants object to the first phrase of this Request as vague and ambiguous.

EEOC, TCHR and TWC documents related to Plaintiff will be produced.

**REQUEST FOR PRODUCTION NO. 48:**

Produce all investigative files and other documents related to any complaints or charges against you by any current or former employee, including but not limited to documents by any discharged, retired or resigned employee reflecting or relating to allegations or complaints of discrimination, harassment or retaliation.

**RESPONSE:**

Defendants object to this Request as overbroad as to time and subject matter, as unduly burdensome and expensive, as an impermissible "fishing expedition", and as not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced at this time.

17

**REQUEST FOR PRODUCTION NO. 49:**

Produce copies of any and all petitions, complaints, judgments or other documents filed in any lawsuits in which you are, or have been, named a party in any capacity relating to discrimination, retaliation, harassment or violation of civil rights.

**RESPONSE:**

Defendants object to this Request as overbroad as to time and subject matter, as unduly burdensome and expensive, as an impermissible "fishing expedition", and as not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 50:**

Produce copies of any and all internal complaints, charges of discrimination with the Equal Employment Opportunity Commission, the Texas Commission on Human Rights, the Texas Workforce Commission, Civil Rights Division, or the U.S. Department of Labor, or written memoranda or letters of complaint by any current or former employee, or applicant for employment, alleging that you discriminated against them due to their sex, national origin, race and/or age, retaliated against them or alleged that your behavior toward them was improper.

**RESPONSE:**

Defendants object to this Request as overbroad as to time and subject matter, as unduly burdensome and expensive, as an impermissible "fishing expedition", and as not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 51:**

Produce all documents of any kind or form whatsoever related to or evidencing any claims and/or complaints concerning conduct similar to that claimed by Plaintiff.

**RESPONSE:**

Defendant objects to this Request as vague and ambiguous.  As worded, Defendants do not know what documents are being sought.

Defendants object to this Request as overbroad as to time and subject matter, as unduly burdensome and expensive, as an impermissible "fishing expedition", and as not likely to lead to the discovery of evidence admissible at trial.

No documents will be produced at this time.

## REQUEST FOR PRODUCTION NO. 52:

Produce all documents of any kind or form whatsoever relating to or evidencing any affirmative defense raised by you or any other Defendant in this case.

## RESPONSE:

Defendant objects that this Request does not reasonably articulate a category of documents as required by Rule 34, and that it invades the attorney work product privilege.

No documents will be produced in response to this Request.

## REQUEST FOR PRODUCTION NO. 53:

Produce all documents submitted by defendants to the Texas Workforce Commission regarding Jon P. Harrison.

## RESPONSE:

Responsive documents will be produced.

## REQUEST FOR PRODUCTION NO. 54:

Produce all documents submitted by defendants to the U.S. Equal Employment Opportunity Commission and/or the Texas Commission on Human Rights regarding Jon P. Harrison.

## RESPONSE:

Responsive documents will be produced.

## REQUEST FOR PRODUCTION NO. 55:

Produce all liability insurance policies held by each and every individual defendant.

**RESPONSE:**

Defendants object that this Request is premature, invades the personal privacy rights of the individual defendants, is designed to intimidate and harass, and is not likely to lead to evidence admissible at trial.

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all life insurance policies held by each and every individual defendant.

**RESPONSE:**

Defendants object that this Request is premature, invades the personal privacy rights of the individual defendants, is designed to intimidate and harass, and is not likely to lead to evidence admissible at trial.

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 57:**

Produce all home mortgage insurance policies held by each and every individual defendant.

**RESPONSE:**

Defendants object that this Request is premature, invades the personal privacy rights of the individual defendants, is designed to intimidate and harass, and is not likely to lead to evidence admissible at trial.

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 58:**

Produce all professional association(s) Insurance policies held by each and every individual defendant, including but not limited to teachers' association and administratives' associations.

**RESPONSE:**

Defendants object that this Request is premature, invades the personal privacy rights of the individual defendants, is designed to intimidate and harass, and is not likely to lead to evidence

admissible at trial.

No documents will be produced at this time.

**REQUEST FOR PRODUCTION NO. 59:**

Produce copies of any and all insurance policies held by Texas State Technical College.

**RESPONSE:**

Defendants object that this Request is overbroad as to time and subject matter. Policies of insurance that could provide coverage for claim of the type alleged by Plaintiff will be produced in response to other Requests.

No additional documents will be produced.

        Respectfully submitted,

        GREG ABBOTT
        Attorney General of Texas

        BARRY R. McBEE
        First Assistant Attorney General

        EDWARD D. BURBACH
        Deputy Attorney General for Litigation

        JEFF L. ROSE
        Chief General Litigation Division

        TERENCE L. THOMPSON
        Texas Bar No. 19943700
        Southern District No. 26689
        Assistant Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711
        Phone (512) 463-2120
        Fax (512) 320-0667

        ATTORNEYS FOR DEFENDANTS

21

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent *via facsimile* on this the 27th day of December, 2004, to:

Truman W. Dean, Jr.
Law Office of Truman Dean, P.C.
P.O. Box 2826
McAllen, TX 78501

TERENCE L. THOMPSON
Assistant Attorney General