EXHIBIT A
SWORN STATEMENT OF JOHN E. SCHULMAN

1.) My name is John E. Schulman. I made an appearance as co-counsel for Plaintiff Jon Harrison in this case on November 23, 2005. I am submitting this Sworn Statement partially in response to Defendant's Motion to Compel Discovery, Motion for a Protective Order, and Motion to Extend Scheduling Order Deadline for Filing Dispositive Motions, dated January 12, 2006. I am also submitting this Sworn Statement in support of Plaintiff's request for the Court to schedule a Status Conference to assist the parties in developing a schedule for the orderly disposition of this case.

2.) Plaintiff's original counsel, Truman W. Dean, Jr., withdrew from this case and from the practice of law due to severe health problems. Prior to his withdrawal, discovery was in its inception and the file received from Mr. Dean was not complete or well organized.

3) Prior to making an appearance in this case, I met with Plaintiff Jon Harrison and his counsel of record, Miguel Salinas at Mr. Salinas's office in Brownsville, Texas, on November 21, 2005. On that date, I was physically present and participated in a telephone call to the office of Assistant Attorney General Terry Thompson, counsel for Defendant in this case. We were advised that Mr. Thompson was out of town for several days, but that we should leave a message and that he would call us back. We left a message regarding the fact that I was going to make an appearance in the case and specifically regarding the necessity to discuss adjusting the deadlines in this case, in light of Mr. Truman Dean's withdrawal from this case. Both my contact information and Mr. Salinas's contact information were left for Mr. Thompson as part of the message.

4.) Prior to the Christmas holiday in December 2005, I spoke to Mr. Salinas about the fact that neither of us had heard from Mr. Thompson in regard to our November message about adjusting the deadlines in this case. We discussed filing a Motion to address changing the deadlines, without first speaking to Mr. Thompson, but Mr. Salinas advised that this Court expects an attorney conference prior to the filing of such a Motion and that he would continue to keep trying to reach Mr. Thompson.

5.) Mr. Thompson did not return the above-described November 21, 2005, telephone call, or otherwise consult with me prior to filing the Defendant's Motion to Compel Discovery, Motion for a Protective Order, and Motion to Extend Scheduling Order Deadline for Filing Dispositive Motions, dated January 12, 2006. Mr. Thompson did not serve the Defendant's discovery addressed in the Motion to Compel upon me, nor did he call or write me about it. In fact, I was completely unaware of that discovery until I received the Motion to Compel.

6.) I called Mr. Thompson's office on January 17, 2006, found him unavailable,

and left him a message.

7.) I had my first telephone contact with Mr. Thompson on January 18, 2006, when he called my office after business hours at approximately 6:30 p.m. I happened to be working at that time and received the call. Mr. Thompson was not willing to work out any schedule adjustments with me during that conversation, although he acknowledged that this was our first conversation and that he had been out of the office on vacation for a "couple of weeks" near Thanksgiving.

8.) I can personally assure the Court that Mr. Jon Harrison played no role in any of the logistical difficulties encountered in this case, including the above-described delay in communication among counsel. Other logistical difficulties in which Mr. Harrison had no part include those arising from the fact that Mr. Dean has been extremely sick at times and hospitalized in the last several weeks and the fact that the written materials provided by Mr. Dean were not fully-organized in good order and appear to be somewhat incomplete. It is also not Mr. Harrison's fault that counsel for the parties have been unable to negotiate a sensible schedule for the orderly disposition of this case.

I swear that the forgoing statements are true.

"*s/* John Schulman"
John E. Schulman