IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 2 2006

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JON HARRISON § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO.B-04-096 |
| § | |
| TEXAS STATE TECHNICAL COLLEGE, § | |
| and Individual Defendants, DR. J. GILBERT § | |
| LEAL, PRESIDENT TSTC-HARLINGEN § | |
| PAT HOBBS, DEAN OF INSTRUCTION, § | |
| LEONEL GOMEZ, DEPARTMENT CHAIR § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY MOTION FOR A PROTECTIVE ORDER, AND MOTION TO EXTEND SCHEDULING ORDER DEADLINE FOR FILING DISPOSITIVE MOTIONS**
**PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE**

COMES NOW, Plaintiff Jon Harrison through his attorney of record and files this his Response to Defendant's Motion to Compel Discovery Motion for Protective Order, Motion to Extend Scheduling Order Deadline for Filing Dispositive Motions and Plaintiff's Motion to Extend Discovery Deadline and in support would show the Court as follows:

1. Defendant served its First Set of Discovery to Plaintiff in late November. The Responses were due on or about December 28, 2005. Plaintiff made a good faith effort to respond to the discovery requests but had difficulty obtaining information from his previous attorney who withdrew on account of health reasons.

2. When Plaintiff was finally able to secure the discovery documents they totaled well over 1300 pages. Because of the large number of documents, Plaintiff called counsel for Defendant to ask if he would like to make arrangements to have the documents copied or viewed at Plaintiff's office. Plaintiff's attorney also called to make arrangements to take depositions of the Defendant's Chancellor and President. Despite numerous calls, Plaintiff's attorney was only able to reach the Defendants counsel's voice mail where he left detailed messages that were never returned.

3. In addition to having trouble setting the depositions, or even having his phone calls returned, Plaintiff's counsel had not received a single document in the form of Disclosures or by any other method. As a result, Plaintiff sent Interrogatories and Request for Production prior to the Court's discovery deadline. To date, Defendant has not produced a single document to Plaintiff's counsel.

4. In the early part of January, Plaintiff's co-counsel spoke to Defendant's regarding extending the discovery deadline to allow for depositions. Defendant's counsel refused to discuss the matter and did not make arrangements to have the discovery responses copied or viewed. As a result, Plaintiff at his own expense, made arrangements to have the discovery copied and sent it to Defendant. Defendant has not made any arrangements to reimburse Plaintiff for the cost of producing over 1000 pages of documents. Instead, it filed the instant motion.

5. The Court should deny Defendants' Motion to Compel Discovery because Plaintiff has fully responded and the Motion to Compel is moot.

6. The Court should also deny Defendants' Motion for Protective Order and Motion to Extend the Scheduling Order at this time because Defendants have not allowed Plaintiff to conduct meaningful discovery. In addition, Defendants have not produced a single page of discovery to Plaintiff's counsel. In fact, in its Motion, Defendants' counsel concedes he did not attempt to resolve this matter until the day before this Motion was filed.

7. The Court should further deny Defendants' Motions because Defendants' did not make a good faith effort to resolve this discovery dispute without court action.

8. Plaintiff also respectfully requests that the Court schedule a status conference and order the attendance of all parties and counsel so that the parties and the Court can come up with a schedule for the orderly disposition of this case including extending discovery and allowing the parties to file a dispositive motion at the close of the discovery period.

## C. Conclusion

9. For these reasons, Plaintiff asks this court to deny Defendant's Motions. In the alternative Plaintiff asks the Court to extend the Discovery deadline and order Defendants to respond to discovery.

10. Pursuant to the Local Rules for the United States District Court for the Southern District and this Honorable Court's rules, Plaintiff certifies he attempted to confer with opposing counsel before filing this Response and Motion, but could only speak to his voice mail.

Respectfully submitted,
LAW OFFICE OF MIGUEL SALINAS

BY: *[signature]*
MIGUEL SALINAS
Attorney in charge
FEDERAL I.D. NO. 15171
STATE BAR NO. 17534750
803 Old Port Isabel Road
Brownsville, Texas 78521
956/550-1115 Telephone
956/550-1134 Telefax

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JON HARRISON | § § § | |
| VS. | § § | CIVIL ACTION NO. B-04-096 |
| TEXAS STATE TECHNICAL COLLEGE, and Individual Defendants, DR. J. GILBERT LEAL, PRESIDENT TSTC-HARLINGEN PAT HOBBS, DEAN OF INSTRUCTION, LEONEL GOMEZ, DEPARTMENT CHAIR | § § § § § § | |

### ORDER ON PLAINTIFF RESPONSE TO DEFENDANTS' MOTION TO COMPEL DISCOVERY, MOTION FOR PROTECTIVE ORDER, MOTION TO EXTEND SCHEDULING ORDER DEADLINE FOR FILING DISPOSITVE MOTIONS AND PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE

On _____, 2006, the Court considered the Party's Motions. After considering the Motion, the Court;

DENIES Defendants' Motion to Compel Discovery, Motion for Protective Order, Motion to Extend Scheduling Order Deadline for Filing Dispositive Motions. The Court also orders a status conference on _____, 2006.

SIGNED on _____, 2006

_____
U.S. DISTRICT JUDGE

APPROVED & ENTRY REQUESTED:

_____
MIGUEL SALINAS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Response to Defendants' Motion to Compel et al., via telefax and regular mail on this 2nd day of February, 2006, to the following attorney of record:

Terence L. Thompson
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
512/320-0667 Telefax

Miguel Salinas