# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JON P. HARRISON | § § § | |
| VS. | § § | CA. B-04-096 |
| TEXAS STATE TECHNICAL COLLEGE, et al. | § § § § | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

**INTERROGATORY 1:** Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**ANSWER:**

John P. Harrison
1617 Westway
McAllen, Texas 78501

Miguel Salinas
Attorney of Record
803 Old Port Isabel Road
Brownsville, Texas 78521

**INTERROGATORY 2:** State all injuries allegedly suffered by you as a result of the acts alleged in your complaint. State for each claim of injury the monetary damages placed on each injury and explain how the amount was arrived at.

**ANSWER:**

As a result of losing his job in the fashion that he did, Plaintiff suffered a loss of income and benefits. Please see the documents produced in response to Request for Production that provides a spread sheet of Plaintiff's economic damages. In addition, Plaintiff suffered emotional distress and mental anguish as a result of the loss of his job. Plaintiff can not place a dollar amount on his emotional suffering and will leave that value to the discretion of the jury.

**INTERROGATORY 3:** Identify every person with knowledge of relevant facts and summarize each person's knowledge and opinions.

**ANSWER:**

Please see the attached list.

**INTERROGATORY 4:** Identify all persons or entities that have possession, custody, or control of documents relevant to this suit and the documents over which they have possession, custody, or control.

**ANSWER:**

Plaintiff through his attorney has control of documents relevant to this claim and has produced them in response to Request for Production. In addition, Defendant Texas State Technical College has a significant number of documents relevant to this suit.

**INTERROGATORY 5:** For any statements that have been taken from Plaintiff or taken on Plaintiff's behalf, relating to the facts that are the subject of this litigation, please state the following:

- A. The identity of the person who gave or made the statement.
- B. The substance of the statement.
- C. The date when the statement was taken.
- D. The identity of the person who took the statement.
- E. Whether the statement was reduced to writing.
- F. The present location of the statement and the identity of the person now in possession of the statement.
- G. Whether Plaintiff will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

**ANSWER:**

Please see the documents produced in response to Defendant's First Request for Production which are the only documents in Plaintiff's possession that may be responsive to this request.

**INTERROGATORY 6:** For each alleged cause of action in Plaintiff's Complaint, please describe in full detail all action taken by each individual defendant named in this suit. State all facts which support your position, and state the source of your information, including the address and phone number of each source.

**ANSWER:**

Leonel Gomez signed and forwarded the memo that set in motion Plaintiff's termination.

Zulema Garza approved and forwarded the memorandum to administration.

Pat Hobbs recommended the non-approval of Plaintiff's teaching contract.

Gilbert Leal approved the Hobb's recommendation and heard the grievance filed by Plaintiff.

**INTERROGATORY 7:** For each named defendant, please identify and describe each and every instance of speech and conduct for which you claim Defendants retaliated against you. In your answer, please include the date and place for each time such speech and conduct occurred, if there were any witnesses to the occurrence and if so the names and addresses of the witnesses to the occurrences.

**ANSWER:**

In September 1999 Plaintiff sent a memo objecting to Defendant's failure to follow its own policies when promoting from within. Shortly after the memo, Plaintiff was demoted to instructor.

In 2001, Plaintiff attended a program's chairman's meeting where he questioned Pat Hobbs on the lack of continuing professional education for its instructors. Plaintiff complained the lack of the continuing education was unethical and it defrauded students, faculty and taxpayers.

On May 11, 2001, Plaintiff sent a memo to David Turbeville, (President of the Faculty Council) asking the council to investigate administration sponsored censorship of student and faculty access to the internet.

On January 25, 2002, Plaintiff sent a memo to David Turberville asking that the Faculty Senate oppose the oppressive workload standard set by administration. In the memo, Plaintiff described the standard as "the sort of management policy which employees to form unions."

On April 29, 2002, Plaintiff attended a Computer Science Technology Program attended by Defendant Gomez among others. Plaintiff's comments regarding the new workload were discussed and Plaintiff explained it was oppressive, stifled good teaching techniques and indicated the oppressive practices were worth going to court

over.

**INTERROGATORY 8:** If Plaintiff contends he has met the legal prerequisites to filing this action, state with particularity all facts supporting the contention.

**ANSWER:**

Plaintiff exhausted his administrative remedies when he requested a due process hearing from Defendant. Plaintiff timely filed his lawsuit in Federal District Court.

**INTERROGATORY 9:** Describe the content and nature of Plaintiff's speech that forms the basis of this lawsuit. Include the following:

      A.    The events preceding Plaintiff's speech, each time.
      B.    The context in which each speech arose.
      C.    The time, place, and manner in which each speech occurred.

**ANSWER:**

Please see Plaintiff's response to Interrogatory No. 7. In addition, please see the attached e-mails and correspondence that formed in part the basis for Plaintiff's termination.

**INTERROGATORY 10:** Describe each action, conduct, or measure taken by Defendants in response to Plaintiff's speech each time it occurred.

**ANSWER:**

Plaintiff was demoted after writing a memo questioning its methods in promoting personnel.

Plaintiff was publicly chastised for his comments regarding the lack of continuing education described in Interrogatory No. 7.

Plaintiff was ultimately terminated. Defendant's failed to follow its own practices when it terminated Plaintiff. It also made up reasons for the termination.

**INTERROGATORY 11:** If Plaintiff contends that he was wrongfully terminated because of his speech, state with particularity all facts supporting that contention.

**ANSWER:** Plaintiff was never warned about his conduct. On the contrary, Plaintiff had always received at least satisfactory evaluations including the one he received prior to his termination. In addition, when Plaintiff was told his teaching contract was not going to be renewed, he was not given a reason for his termination. During the course of this complaint, Plaintiff learned for the first time that his actions had been a source of

contention "for a number of years."

**INTERROGATORY 12:** Describe in specific detail the events leading up to and following the non-renewal of Plaintiff's contract.

**ANSWER:**

Plaintiff was called into the Office of Pat Hobbs who handed Plaintiff a sealed envelope that contained a letter that his contract was not going to be renewed. Plaintiff asked for an explanation and was told they did not have to give him one.

**INTERROGATORY 13:** If Plaintiff contends Defendants damaged his reputation and hindered his ability to gain future employment, state with particularity all facts supporting the contention.

**ANSWER:**

Plaintiff has been unable to obtain gainful employment. It is his contention he is being "blackballed" by Defendants. Plaintiff believes this to be the case because he has been imminently qualified for several of the positions but has not been selected.

**INTERROGATORY 14:** If Plaintiff contends his speech was of public concern and protected by the First Amendment, state with particularity all facts supporting the contention.

**ANSWER:**

Please see our response to Interrogatory No. 7.

**INTERROGATORY 15:** If Plaintiff contends his right to associate in groups as protected under the First Amendment, as alleged in paragraph 11 of Plaintiff's Original Complaint, was violated by the Defendants, state with particularity all facts supporting the contention. Include the following:

        A.    The events preceding each violation.
        B.    The names addresses and telephone numbers of the people you associated with at the time of each such violation.
        C.    The time, place and manner in which each violation occurred.

**ANSWER:**

Please see Plaintiff's response to Interrogatory No. 7. In addition, Plaintiff was punished for his involvement with the Texas Faculty Association and his comments that the Union should get involved with regards to the happenings at the campus.

**INTERROGATORY 16:** State specifically what issues you believe constituted constitutionally protected "whistle-blowing" as a form of free speech as you have alleged in paragraph 11 of your Original Complaint. Include in your answer your definition of "constitutionally protected whistle blowing."

**ANSWER:**

Please see Plaintiff's response to Interrogatories No's 7 & 9. Plaintiff believes his comments regarding the inadequate continuing technical education defrauding the public and staff. Also complaining that censorship has no place in a university environment. Plaintiff also complained that the oppressive workload prevented teachers from doing an adequate job of teaching their students.

**INTERROGATORY 17:** Please state with particularity all personnel actions, for example but not limited to, reprimands, probations, and suspensions, taken against you while you were employed at TSTC.

**ANSWER:**

Plaintiff was demoted on two occasions. (See Plaintiff's response to Interrogatory No. 7. On another occasion Plaintiff was admonished for being inhospitable to a Defendant employee who was sent to spy on his teaching techniques. Plaintiff was ordered to take a class in negativism. On still another occasion, Plaintiff was called out for cursing out loud when he dropped his briefcase in what he believed was an empty office. Plaintiff complained in writing to the complainant.

**INTERROGATORY 18:** Describe you relationship with each member of the Faculty Senate or the Campus Administration.

**ANSWER:**

Generally friendly. Plaintiff served two terms on the Faculty Council.

**INTERROGATORY 19:** If Plaintiff filed an internal complaint alleging a violation of his right to free speech, or to associate, respond as follows:

    A.    Identify, by name and job title, the person to whom the complaint was made.
    B.    State the date of the complaint was filed.
    C.    State whether an administrative hearing was held on the complaint.
    D.    State the disposition of the complaint.

**ANSWER:**

Plaintiff filed a grievance to his termination shortly after he was told he was fired.

Plaintiff initiated his complaint by talking to Leonel Gomez. He also obtained a copy of the grievance procedures which were inconsistent and had different requirements. Plaintiff sent a memorandum regarding his grievance to Leonel Gomez and was told he was not entitled to a grievance. After his union representative got involved in his claim he was afforded a hearing in front of Gilbert Leal who paid the complaint lip service and upheld his decision to fire Plaintiff.

**INTERROGATORY 20:** If no internal complaint was filed in response to Interrogatory No. 19, state the reason(s) what one was not filed by the Plaintiff.

**ANSWER:**

Not applicable.

**INTERROGATORY 21:** State whether an internal investigation or administrative hearing was conducted by defendant and whether any reports were issued.

**ANSWER:**

None to Plaintiff's knowledge except for what was described in response to Interrogatory No. 19.

**INTERROGATORY 22:** State specifically the amount of damages you sustained in this case and briefly describe the evidence upon which you will rely at trial to establish this claim for damages. Include any and all claims and/or punitive damages.

**ANSWER:**

See our response to Interrogatory No. 2.

**INTERROGATORY 23:** If Plaintiff contends Dr. J. Gilbert Leal, Pat Hobbs, Zulema Garza, and Leonel Gomez are not entitled to qualified immunity, state the factual basis for this contention.

**ANSWER:**

The legislature specifically waived immunity for TSTC administrators.