1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JON HARRISON * | |
| * | |
| VS. * | C.A. No. B-04-096 |
| * | |
| TEXAS STATE TECHNICAL COLLEGE * | |
| AND INDIVIDUAL DEFENDANTS, * | |
| DR. J. GILBERT LEAL, * | |
| PRESIDENT TSTC-HARLINGEN * | |
| PAT HOBBS, DEAN OF * | |
| INSTRUCTION, LEONEL GOMEZ, * | |
| DEPARTMENT CHAIR * | |

Exhibit "I"

---

ORAL DEPOSITION OF

JOSE GILBERTO LEAL

April 6, 2006

---

Oral deposition of JOSE GILBERTO LEAL, produced as a witness at the instance of the Plaintiff, and duly sworn, was taken in the above-styled and numbered cause on the 6th day of April, 2006, from 10:10 a.m. to 4:30 p.m. before GERALD SMITH, CSR in and for the State of Texas, reported by oral stenography at Texas State Technical College, 1902 Loop 499, Conference Room A, Industrial Tech Building, Harlingen, Cameron County, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

**CERTIFIED COPY**

**ACTION REPORTING**
*101 W. Wisteria, McAllen, Texas 78504*
*1-800-884-1024 / 956-631-1024*

2

A P P E A R A N C E S

FOR THE PLAINTIFFS:

    MR. MIGUEL SALINAS
    Law Office of Miguel Salinas
    803 Old Port Isabel Road
    Brownsville, Texas   78521


FOR THE DEFENDANTS:

    MR. TERENCE L. THOMPSON
    Assistant Attorney General
    P. O. Box 12548, Capitol Station
    Austin, Texas   78711

1   A   That's what he said, yes.

2   Q   Did you interview --

3   A   No, I did not.

4   Q   -- Leonel Gomez?

5   A   I did not.

6   Q   Did you interview Sue Garza?

7   A   No, I did not.

8   Q   All right. So after Jon Harrison had worked for
9   the college for two years, it took you, approximately, two
10  hours to decide that he shouldn't work at the college
11  anymore, correct?

12  A   It took me two hours to review the information
13  that was presented to me, yes.

14  Q   Okay. And you had the option to interview the
15  witness, and, in fact, you were given that option and you
16  decided not to take it?

17  A   That's correct.

18  Q   Okay. Next page --

19          MR. SALINAS: I haven't even marked this.
20  Let me just mark it, the whole thing, if that's all right
21  with you, Counselor. I'm going to mark this as Exhibit No.
22  17. And just to be clear, this was the package --

23          MR. THOMPSON: It's Exhibit 16.

24          MR. SALINAS: Oh, it's 16. It's already in
25  evidence.

Case 1:04-cv-00096   Document 35-10   Filed in TXSD on 05/19/2006   Page 4 of 4

77

```
 1   procedure, correct?
 2        A    That's correct.
 3        Q    All right.  So as far as the written policies
 4   under operating requirement, the appeal procedures,
 5   according to what it says, applied to Jon Harrison, correct?
 6             MR. THOMPSON:  Objection, form.
 7        A    Again, the practice is that we do not follow this
 8   policy, we don't necessarily have to follow this policy.  We
 9   chose to follow the employment contract policy.
10        Q    (Mr. Salinas)  I understand that.  But the written
11   words here do not except a Jon Harrison from this -- and I
12   understand that's your discretion -- but would you agree
13   with me that under operating requirements, Mr. Harrison was
14   not excepted from the disciplinary procedures?
15             MR. THOMPSON:  Objection, form.
16        Q    (Mr. Salinas)  Correct?
17        A    Again, I'll repeat, the procedures followed for
18   Jon Harrison did not follow this procedure.
19        Q    And that wasn't my question.
20             MR. SALINAS:  Let me object to nonresponsive.
21        Q    (Mr. Salinas)  And I understand what you're
22   telling me, that in your opinion you didn't have to afford
23   him a predisciplinary hearing?
24        A    That's correct.
25        Q    Okay.  But there's nothing under operating
```

*1-800-884-1024 / 956-631-1024*