

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN  1 2006

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JON P. HARRISON | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. B-04-096 |
| | § | |
| TEXAS STATE TECHNICAL COLLEGE, | § | |
| et al. | § | |
|     Defendants | § | |

## SUPPLEMENTARY RESPONSE IN OPPOSITION
## TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I.
### Statement of the Case

This supplementary response is submitted in order to advise the Court about relevant

testimony given by Defendant Pat Hobbs during his May 17, 2006, deposition and to analyze

that testimony.   The parties stipulated that the transcript of the deposition could be used for

purposes of a summary judgment response before it was read and signed. (Appendix -

Deposition of Pat Hobbs, p 155, line 11-16).  Defendants' counsel has, as of May 30, 2006, also

advised that the filing of this supplementary response is not opposed.

### II.
### Facts in the Light Most Favorable to
### Plaintiff as Recounted by Defendant Hobbs

Defendant Hobbs admitted that Jon  Harrison's  May 23, 2002, evaluation specified that

he demonstrated "expected performance" in the areas of "professional behavior towards

colleagues", listening "to different viewpoints of colleagues when resolving conflict", refraining

"from criticizing other faculty members of students" and  working "harmoniously and effectively

with colleagues for the benefit of the department and college". (Appendix - Deposition of

Defendant Hobbs, p. 98 , line 21 – p 100, line 12). The 2002 evaluation should have reflected the

**Supplementary Response In Opposition To Defendants' Motion For Summary Judgment**
Page 2 of 9

honest evaluation of Mr. Harrison's immediate superior based upon one entire year of performance. (Appendix - Deposition of Defendant Hobbs, p. 35, lines 12-35). A rating of "expected" is generally consistent with being a "good employee". (Appendix - Deposition of Defendant Hobbs, p 48, lines 9-14).

Defendant Hobbs also admitted that 19 days later, on June 12, 2002, he wrote a memo to the President of Texas State Technical College Texas College requesting that the President non-renew Jon Harrison for the next year's contract. (Appendix - Deposition of Defendant Hobbs, p 15, lines 15-21).    Hobbs attached multiple documents from his subordinates and submitted them to the President along with his memo requesting Harrison's non-renewal. (Appendix - Deposition of Defendant Hobbs, p 35, line 18 – p. 36, line 6).    The memo complete with attachments were intended by Hobbs to demonstrate Harrison's alleged "bad attitude", "belligerence" and "uncooperativeness". (Appendix - Deposition of Defendant Hobbs, p 39, lines 5-14).

In the following sequence of questions and answers, Pat Hobbs reiterated the testimony submitted in Paragraph 6 of his Sworn Declaration in support of Defendants' Motion for Summary Judgment:

| Q. (Mr. Schulman) | So is it your testimony, Mr. Hobbs, that the critique that was made by Mr. Harrison of your 24 hour staffing decisions was not brought to your attention and you did not know it was Mr. Harrison who addressed that matter to the faculty senate, or do you recall? |
|---|---|
| A. (Mr. Hobbs) | To the best of my knowledge, I did not know that that question came from Jon Harrison, and it was not a consideration in the non-renewal of Mr. Harrison. |
| Q. (Mr. Schulman) | So to the best of your knowledge, you didn't know it was Mr. Harrison? |
| A. (Mr. Hobbs) | That's right. |

(Appendix - Deposition of Defendant Hobbs, p 94, lines 3 - 13).

**Supplementary Response In Opposition To Defendants' Motion For Summary Judgment**
Page 3 of 9

Just one question later however, Mr. Hobbs contradicts himself, and admits that he ***was***

***aware*** of Plaintiff's concerns about 24 hour staffing- teaching load and that Harrison had

specifically criticized the issue, while at the same time making statements about these kinds of

management decisions being a motivation for faculty to join unions. [1]

| | | |
|---|---|---|
| Q. (Mr. Schulman) | Would that be – would the same thing be true that to the best of your knowledge you don't know, or you can't say whether he also said, " This is the kind of thing that makes people join unions"? |
| (Mr. Thompson). | Objection, form. |
| A. (Mr. Hobbs) | That Mr. Harrison said that? |
| Q. (Mr. Schulman) | In his communication to the faculty senate? |
| A. (Mr. Hobbs) | ***I saw that in the documentation that was presented to me by the faculty when they recommended that he be non-renewed.*** (emphasis added). |

(Appendix - Deposition of Defendant Hobbs, p. 94 lines 14-24).   Defendant Hobbs made the

same admission ***a second time***. (See bolded excerpt from page 95 quoted below.)

Further, the following sequences of questions and answers illustrate Defendant Hobbs'

attitude that a person advocating Union membership in response to a perceived teaching overload

is a "malcontent":

| | |
|---|---|
| Q. (Mr. Schulman) | Okay, and if a professor who is concerned about what he perceived to be an excess teaching load, having brought up the subject matter went on to say words to the effect of " This is what causes people to join unions" he would be perfectly within his rights to make that observation, as well, would he not? |

---

[1] After a break during his deposition, Mr. Hobbs, in response to a series of leading questions at first claimed he *did not remember* after all what was in the package of materials he received prior to Plaintiff's non-renewal. Then, after further prompting by his attorney, Mr. Hobbs recanted his testimony, claiming that he *did not see* the document written by Jon Harrison advocating Union membership in response to a perceived teaching overload, prior to his request for Jon Harrison's non-renewal. (Appendix - Deposition of Defendant Hobbs, p 131, line 22 – p. 134, line 2). Upon cross-examination, Mr. Hobbs conceded that his recantation was a substantial change from his multiple admissions recorded on pages 94 and 95 of his deposition transcript. (Appendix - Deposition of Defendant Hobbs, p 138, lines 1-9).

**Supplementary Response In Opposition To Defendants' Motion For Summary Judgment**
Page 4 of 9

| | |
|---|---|
| Mr. Thompson | Objection, form. |
| A. (Mr. Hobbs) | I think that's his opinion. |
| Q. (Mr. Schulman) | Would you find that insubordinate or offensive or troublesome in any way? |
| A. (Mr. Hobbs) | Not particularly, It's just another indicator of malcontent of an employee, but it's his right. |

(Appendix - Deposition of Defendant Hobbs, p. 89, line 25- p. 90, line 11).

| | |
|---|---|
| Q. (Mr. Schulman) | *Now when you saw in the documentation that was presented by the faculty in support of a recommendation that Mr. Harrison be non-renewed, you saw the document where he critiqued your 24 hour judgment and you saw the comment that this is the kind of thing that makes people join unions, right?* |
| A. (Mr. Hobbs) | *Yes* (emphasis added) |
| Q (Mr. Schulman) | And at that time, you thought about the same thing you told me a few minutes ago, it was another example of Mr. Harrison as a malcontent. That's what you thought, didn't you sir, when you saw that? |
| A. (Mr. Hobbs) | The whole package was a demonstration of his attitudes toward the college, his fellow peers, students, the whole package, administration. The whole package is what was considered. |
| Q. (Mr. Schulman) | And that was just another example you found in the package, correct? |
| A. (Mr. Hobbs) | It was one example. |

(Appendix - Deposition of Defendant Hobbs, p. 95, lines 3-20,).

In the next academic year after Jon Harrison was separated from employment, three union officers were non-renewed by the Texas State Technical College, two in Harlingen and another Union officer in Waco. Defendant Hobbs at first testified that this historical fact was brought to his attention, "later". (Appendix - Deposition of Defendant Hobbs, p.128, lines 18-23).    However, Defendant Hobbs subsequently conceded that he *personally* non-renewed the two Harlingen Union officers and that he *personally* made the decision to do so. (Appendix - Deposition of Defendant Hobbs, p. 130, line18 – p. 131, line 1). Defendant Hobbs further conceded that his decision to terminate the two Union officers in Harlingen was ultimately overruled to the extent that one Union officer was "reinstated" and the other officer was " offered

**Supplementary Response In Opposition To Defendants' Motion For Summary Judgment**
Page 5 of 9

a settlement so that he would not return". (Appendix - Deposition of Defendant Hobbs, p.140, line 19 - p. 141, line 8). The Union officer non-renewed at the Waco campus was also subsequently "re-employed" (Appendix - Deposition of Defendant Hobbs, p. 141, lines 9-14).

With inferences drawn against the Defendants and taken in the light most favorable to the Plaintiff, the sum of Defendant Hobbs' above-described testimony, taken with the original summary judgment response testimony establishes that:

1.    Despite his Sworn Declaration to the contrary, Defendant Hobbs knew, *prior to requesting Plaintiff's non-renewal* that Jon Harrison had spoken out against what Harrison considered to be a faculty teaching overload;

2.    Also in contravention to his Sworn Declaration, Defendant Hobbs admitted that he knew, *prior to requesting Plaintiff's non-renewal* that Harrison had stated that this was the kind of management policy which forces employees to join Unions;

3.    Defendant Hobbs specifically considered Jon Harrison's advocacy of Union membership, under the circumstances, to be evidence that Harrison was a "malcontent".

4.    Just 19 days prior to Defendant Hobbs' recommendation that Jon Harrison be non-renewed because of an alleged "bad attitude", Plaintiff Harrison had been evaluated as meeting expectations in his professional interrelationships and attitude by his immediate supervisor, evidence that Jon Harrison was a "good employee" in those regards.

5.    In the academic year after Mr. Harrison advocated Union membership and lost his job after 19 years of service, three newly-elected Union officers were also non-renewed,

**Supplementary Response In Opposition To Defendants' Motion For Summary Judgment**
Page 6 of 9

two of them personally by Defendant Hobbs in Harlingen. The college was ultimately unable to sustain the purge of the three Union officers.

### III.
### Argument and Authorities

It is obvious that in this case, Jon Harrison's job duties did not require him to analyze teaching loads or advocate Union membership in response to a perceived overload on the faculty. Harrison was expressing his personal opinions, as Defendant Hobbs acknowledged is his testimony quoted above. This case is therefore quite clearly distinguishable from the decision of the United States Supreme Court in *Garcelli v. Caballos* (May 30, 2006). Unlike the facts presented in *Garcelli* , Plaintiff Harrison exercised his personal freedom to associate and advocate for Union membership and those personal choices made him a "malcontent" in the mind of his supervisor, Pat Hobbs. Defendant Hobbs exhibited remarkable anti-union animus by non-renewing Jon Harrison shortly after he advocated union membership and subsequently non-renewing two newly elected Union officers in the next academic year.

The First Amendment protects a public employee's right to associate with a Union. This right of association encompasses the right of public employees to join Unions and engage in advocacy on their behalf. The First Amendment is violated by state action whose purpose is either to intimidate public employees from joining a Union or from taking an active part in its affairs or to retaliate against those who do so. Freedom of association under the First Amendment is separate and apart from a public employee's right to speak freely about matters of public interest. *Hitt v. Connell*, 301 F. 3d 240 (5th Cir. 2002); *Boddie v. City of Columbus,* 989 F. 2d 745, 749 (5th Cir. 1993); *Professional Ass'n. of College Educators v. El Paso Community College Dist.*, 730 F. 2d 258, 262( 5th Cir 1984); *Kluth v. City of Converse,* ___ F. Supp. ___, (W. D. Tex. 2004).

**Supplementary Response In Opposition To Defendants' Motion For Summary Judgment**
Page 7 of 9

## IV.
## Conclusion

As illustrated in the original response to the pending motion for summary judgment, and in this supplementary response, a substantial number of material facts are in dispute with regard to a series of "non-renewals" of Union advocates at the Texas State Technical College starting with the non-renewal of Jon Harrison shortly after Defendant Pat Hobbs read about Harrison's advocacy of Union membership in response to a perceived management practice of overloading the faculty.   The pattern of anti-union animus directly connected to Defendant Hobbs, which is demonstrated over the course of two academic years, is clear from the record.  Summary judgment is therefore inappropriate.

Respectfully submitted,


By: ----------s------------
John E. Schulman
The Schulman Law Firm, P.C.
9400 N. Central Expressway, Ste. 416
Dallas, Texas 75231
SBN 17833500/ Fed. I.D. 6959
Telephone: (214) 361-2580
Facsimile: (214) 361-2580
jschulman@schulmanlaw.com

Miguel Salinas
803 Oil Port Isabel Road
Brownsville, Texas 78521
SBN: 17534750/FID: 15171
Telephone: (956) 550-1115
Facsimile: (956) 550-1134
ATTORNEY IN CHARGE FOR
PLAINTIFF


## CERTIFICATE OF SERVICE


**Supplementary Response In Opposition To Defendants' Motion For Summary Judgment**
Page 8 of 9

I hereby certify that a true and correct copy of the foregoing was served by facsimile and United States mail on this the 31st of May, 2006, to the foregoing attorneys of record:

Mr. Miguel Salinas
803 Oil Port Isabel Road
Brownsville, Texas 78521
SBN: 17534750/FID: 15171
Telephone: (956) 550-1115
Facsimile: (956) 550-1134
ATTORNEY IN CHARGE FOR PLAINTIFF

Terence L Thompson
Office of Attorney General
P O Box 12548
Austin, TX 78711-2548
Telephone: 512-463-2120
Fax: 512-320-0667 fax
LEAD ATTORNEY FOR DEFENDANT

--------------S----------------
John E. Schulman