# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JON P. HARRISON | § § | |
| vs. | § § | C.A. B-04-096 |
| TEXAS STATE TECHNICAL COLLEGE, et al. | § § | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO HON. ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:

Defendant Texas State Technical College ("TSTC"), and Defendants Dr. J. Gilbert Leal ("Leal"), Pat Hobbs ("Hobbs"), Zulema Garza ("Garza"), and Leonel Gomez ("Gomez") (sometimes collectively referred to as the "Individual Defendants"), by and through the Attorney General of Texas, Greg Abbott, and the undersigned Assistant Attorney General, file this Reply to Plaintiff's Response (and Supplementary Response in Opposition) to Defendants' Motion for Summary Judgment.

### I.
### ARGUMENTS AND AUTHORITIES

1. <u>The case against TSTC should be dismissed as a matter of law</u>.

Defendant TSTC has moved for summary judgment based on Eleventh Amendment immunity and because it is not a proper defendant in a section 1983 action. Plaintiff fails to distinguish the Fifth Circuit authorities advanced by TSTC in support of the proposition that TSTC should be considered an arm of the State entitled to Eleventh Amendment immunity and, similarly, that it is not a proper "person" to be sued under section 1983. TSTC respectfully suggests that its

statewide mission and its purpose as state-established technical training institution have more in common with Louisiana's Southern University, discussed in *Richardson v. Southern Univ.*, 118 F. 3d 450 (5th Cir. 1997), than with San Jacinto Junior College, as advocated by Plaintiff. In addition, the Legislature's decision to allow TSTC to "sue and be sued" in state court in Austin or Waco is not a general waiver of state sovereign immunity that would overcome Eleventh Amendment immunity and support jurisdiction over TSTC in this suit in federal court in Brownsville. *Id.* TSTC asks that Plaintiff's claims against it be dismissed.

2. <u>Plaintiff's claims related to matters other than the non-renewal of his contract are barred by the statute of limitations and/or are not actionable as "adverse employment actions."</u>

Plaintiff's summary judgment response does not address Defendants' motion in this regard. Plaintiff reiterates that he believes he lost his appointment as department/program head in 1999 for sending an email noting that someone at TSTC had been promoted to a position without posting it.[1] See Harrison Affidavit, para. 6 (Resp. Ex. A) and (Resp. Ex. F and G). Plaintiff does not, however, contest Defendants' summary judgment contention that any claim related to these events in 1999 is time barred, or Defendants' challenge that claims related to matters other than Plaintiff's non-renewal fail to rise to the level of "adverse employment decisions" and are therefore not actionable. Summary judgment should therefore be granted as to these claims.

3. <u>Plaintiff's complaints that form the basis of his suit all relate to his own personal issues with his employer and therefore fall outside of the protections of the First Amendment.</u>

Plaintiff offers no authority contrary to that advanced by the Defendants regarding the Fifth Circuit standard in "mixed-speech" cases, which places a significant burden on Plaintiff to show that

---

[1] Plaintiff fails to include evidence or argument demonstrating that (1) posting was required, (2) anyone other than the recipient of his email ever knew about it, (3) how this is relevant to any claim that is not time barred.

the speech at issue is **not** "made in furtherance of a personal employer-employee dispute." *See, e.g., Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224, F.3d 359, 372 (5th Cir. 2000).

In this regard, Plaintiff's summary judgment evidence only mentions two incidents.[2] (See Resp. at para. 17.; Harrison Affidavit at para. 5.) The first is apparently a reference to Plaintiff's claim regarding the job posting email mentioned above, which is time barred, not an adverse employment action, and not adequately supported by summary judgment evidence demonstrating that the conduct he complained about was actually improper in that instance. The only other incident addressed in Plaintiff's response is in regard to Plaintiff's complaints about his teaching workload. (*Ibid.*) He attempts to cast this in broad terms, but the dispute is still about himself. Under *Kennedy* and similar Fifth Circuit caselaw, this speech is too connected to Plaintiff's own circumstances and grievances to be categorized as speech by a "citizen" instead of an employee. *C.f., Garcetti v. Ceballos*, ___ U.S. ___, 126 S.Ct. 1951, 74 U.S.L.W. 4257 (March 21, 2006).

Perhaps as important, Plaintiff fails to establish in his summary judgment evidence that any decision maker related to his non-renewal knew about his complaints addressed to the faculty senate about teacher workloads, or that this played any role at all in the decision that ended Plaintiff's employment at TSTC. As President Leal noted in his Declaration, merely bringing something to the attention of the faculty senate does not mean that this is communicated to the College's leadership. (See Leal Declaration, para. 6.) Moreover, plaintiff's "speech" in this regard, which Defendants understand Plaintiff to allege were contained in emails, is not even brought forward to the Court as

---

[2] Plaintiff's Response to Defendant's Motion for Summary Judgment contains numerous factual assertions to which there is both no citation to evidence and no evidence submitted in support. Similarly, many supposedly key documents are merely "described" in the Response and in Mr. Harrison's affidavit. This hearsay is not competent summary judgment evidence.

summary judgment evidence. Apparently the Court is expected to accept Plaintiff's hearsay account of what was said, to whom, and under what circumstances.

Plaintiff admits that whether or not speech is a matter of public concern is a question of law. TSTC asks that the Court review the summary judgment evidence as to Plaintiff's alleged "citizen" speech and hold that it falls outside the parameters of constitutional protection.

4. <u>Plaintiff's summary judgment evidence does not satisfy the elements of a First Amendment "association claim" related to joining a union or taking an active part in union affairs.</u>

Plaintiff succeeded in confusing Defendant Pat Hobbs, TSTC's dean of instruction, into admitting (inaccurately) that he had seen some document where Plaintiff made reference to circumstances that would tend to "cause people to organize" at some time prior to making the decision ask President Leal to not renew Plaintiff's contract. This gaffe, while unfortunate, does not raise a genuine issue of material fact. The legal test is *not* whether or not Plaintiff can demonstrate that any person involved in the chain of decision-making authority can be shown to have ever heard or known that Plaintiff had ever said something about the administration's conduct might cause people to want to "organize." The test is this: the First Amendment protects a public employee's right to associate with a union, and, in particular, protects the employee from retaliation for (1) joining a union; or (2) taking an active part in union affairs. *See, e.g., Hitt v. Connell*, 301 F.3d 240, 245-46 (5th Cir. 2002). Even with Mr. Hobbs' mistaken testimony, there is still *no* summary judgment evidence that Hobbs or President Leal (who are the two actual decision makers regarding Plaintiff's non-renewal)[3] knew that Plaintiff was even a member of a union, or that he had any role – not to mention any active role – in union affairs. Plaintiff contends that "he became an active

---

[3] Plaintiff fails to address *any* conduct by Defendants Garza or Gomez in his Response to Defendants' motion for summary judgment. All other issues notwithstanding, summary judgment should be granted as to these Defendants.

-4-

member of the Texas Faculty Association" (Resp. at para. 6) but provides no summary judgment evidence whatsoever as to what his "activities" consisted of, and no evidence or argument as to how any decision maker in this case could or would have known of these alleged union activities. Plaintiff's affidavit only states that he "joined the Texas Faculty Association." He does not describe in any fashion his union activities. On the other hand, the Defendants have stated in uncontradicted testimony that the TFA was a non-entity on the TSTC campus at the time Plaintiff was non-renewed.[4]

If the focus of the inquiry remains on the legal standard to establish an association claim, Defendants remain confident that summary judgment in their favor is warranted. They ask that the Court rule that Plaintiff has not established a *prima facie* case. In the alternative, should the Court conclude that a *prima facie* claim has been brought forward by Plaintiff, qualified immunity still protects the Defendants. Based on the only evidence adduced by Plaintiff, Defendant Hobbs supposedly had knowledge that Plaintiff once made a union-referenced remark; this is not sufficient to deprive Defendants of immunity. Plaintiff has not cited the Court to any law establishing a standard that alleged acts of retaliation under these very limited circumstances is *clearly* unlawful under the First Amendment.

---

[4] Plaintiff rests much hope on the fact that events that transpired a year later, regarding others, under completely changed circumstances can reflect animus toward union members backward far enough to make his claim colorable. Defendants object to Plaintiff's ***completely hearsay evidence*** (by union representative Mary Aldridge Dean about what allegedly happened to people other than herself) of the circumstances surrounding the employment situations of three other faculty members a year later (and other extraneous circumstances, opinions, gossip, and beliefs) as hearsay, improper opinion evidence and irrelevant. Similarly, Plaintiff's own contention that he "learned very quickly" that the administration was "very anti-union" is objectionable as conclusory. Plaintiff states no facts that would support this contention and, if he is referring to what happened to others a year later, this is irrelevant to Plaintiff's claim. TFA had no officers or visible union activities at TSTC when Plaintiff was terminated. (See Declarations of Defendants.) Plaintiff does not contest this fact.

5.   <u>Plaintiff has no substantive or procedural due process claim</u>.

Plaintiff produces summary judgment evidence that TSTC has procedures for disciplining contract employees and that TSTC administrators believe that they can either use those processes (during the term of a contract), or simply allow an employee's contract to expire and not renew it instead. This is all true. But claims related to these matters are not before the Court. Plaintiff has certainly not pleaded a due process case. These words do not appear anywhere in Plaintiff's Original Complaint. He also did not disclose due process claims in discovery. (Plaintiff's interrogatory answers likewise do not contain these words; see Exhibit A to Defendants' Motion for Summary Judgment). Allegations made for the first time in a summary judgment response[5] that are not supported by the pleadings should not be considered by the Court. In addition, Plaintiff does not contest that President Leal did in fact afford him a grievance hearing. (*Id.*; see Answer to Interrogatory No. 6.) Absent an allegation that Plaintiff was denied notice and an opportunity to be heard (which Plaintiff does not make), due process does not require more.

## II.
## Conclusion and Prayer for Relief

Defendants ask that their motion for summary judgment be granted in all respects. In the alternative, they ask for partial summary judgment on any and all claims to which they are justly entitled to judgment as a matter of law.

DATED:   June 22, 2006.

---

[5] See Response, at para 9 and 19.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief General Litigation Division


/s/ Shelley N. Dahlberg
TERENCE L. THOMPSON
Attorney in Charge for Defendants
Texas Bar No. 19943700
Southern District Bar No. 26689
SHELLEY N. DAHLBERG
Texas Bar No. 24012491
Southern District Bar No. 415055
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2120
(512) 320-0667 [fax]

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document will be sent by the Court's electronic notification system on June 22, 2006, to

Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521

John E. Schulman
Schulman Law Firm, P.C.
9400 N. Central Expressway, Ste. 416
Dallas, Texas  75231

/s/ Shelley N. Dahlberg
SHELLEY N. DAHLBERG
Assistant Attorney General

-8-